**OAIC COMMERCIAL ASSETS, L.L.C., Appellant**

v.

**Larry WHITE, Susan White, Cawc Financial, Inc., U.E. Texas Five Partnership, and Legal Fund I, Ltd., Appellees.**

No. 05–07–01680–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2009.

Peter J. Harry, Brown McCarroll, L.L.P., Jessica B. Pulliam, Melissa Armstrong, Baker Botts L.L.P., William V. Dorsaneo, III, Dallas, TX, Kurt Howard Kuhn, Virginia K. Hoelscher, Brown McCarroll, L.L.P., Thomas Phillips, Baker Botts L.L.P., Austin, TX, for appellant.

James C. Mosser, Mosser Hill PLLC Lawyers, Dallas, TX, for appellees.

Before Justices FITZGERALD, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice FRANCIS.

On the Court's own motion, we withdraw this Court's opinion dated May 7, 2009 and this Court's judgment dated May 7, 2009. This is now the opinion of the Court.

In five issues, OAIC Commercial Assets, L.L.C. appeals the trial court's order granting the plea to the jurisdiction of Larry White, Susan White, CAWC Financial, Inc., U.E. Texas Five Partnership, and Legal Fund I, Ltd. For the reasons that follow, we affirm the trial court's order.

In April 1998, Stonegate Village, L.P., a Georgia limited partnership, was formed for the purpose of constructing and operating an apartment complex in Chandler, Arizona. CAWC, a Texas corporation, served as general partner; Larry White was the principal of CAWC. At the time of the limited partnership's formation, the limited partners were Frey Ventures, L.L.C., an Arizona limited liability company; CAWC/Stonegate Partners, L.P., a Texas limited partnership; and AFC Equities, L.P., a Georgia limited partnership. In January 2000, AFC purported to transfer its interest in Stonegate to OAIC, a Florida limited liability company.

In the first of a series of lawsuits, OAIC sued Stonegate, CAWC, and Larry White for various claims based on the Stonegate limited partnership agreement, including breach of contract, breach of fiduciary

duty, and conspiracy to breach fiduciary duty. OAIC also sought declaratory relief regarding its status in and entitlement to distributions from the limited partnership. Defendants filed a general denial, asserted counterclaims, and contended OAIC was not entitled to recover because it lacked standing to sue. Defendants filed a second plea to the jurisdiction, asserting OAIC lacked standing because there was no valid assignment of AFC's rights to OAIC under the terms of the partnership agreement. Specifically, the *OAIC I* defendants claimed

> It is undisputed that prior to the attempted transfer of its interest to [OAIC], AFC did not provide any securities opinion to the partnership pursuant to ¶¶ 9.3(d) of the partnership agreement ... [therefore there was] no valid assignment [to OAIC of AFC's rights or interest in the partnership and] OAIC does not have STANDING to assert its claims because, OAIC is not a substitute limited partner and is not a transferee.

*OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 734 (Tex.App.-Dallas 2007, pet. denied) (*OAIC I*). The second plea to the jurisdiction was denied. The trial court then granted partial summary judgment in favor of OAIC and, following a bench trial, declared OAIC was a limited partner in Stonegate, ordered OAIC recover damages for breach of contract, and appointed OAIC liquidator of Stonegate.

On appeal, defendants again challenged whether OAIC had standing to sue. After reviewing the record from the plea to the jurisdiction, the partial summary judgment, and the six-day bench trial, this Court concluded "OAIC did not acquire AFC's interest in Stonegate pursuant to that purported transfer in compliance with the terms of the agreement" and therefore lacked standing to bring its breach of contract and breach of fiduciary duty claims

against Stonegate, CAWC, and Larry White. *Id.* at 741, 746. Likewise, we determined OAIC was not entitled to declaratory relief because it had not shown it was "interested under" or had "rights, status, or other legal relations affected by" the limited partnership agreement as required by the Uniform Declaratory Judgments Act. *See id.* at 745. Because OAIC lacked standing to bring its claims, we vacated the trial court's judgment and dismissed the case for lack of jurisdiction. *Id.* at 746.

While the appeal in *OAIC I* was pending in our Court, OAIC filed suit in this case. In its first amended original petition for declaratory relief, OAIC alleged it "purchased all the right, title and interest of AFC in the Limited Partnership, including, but not limited to, its limited partnership interest and the AFC Preferred Return" and that CAWC and Larry White "continued to make unapproved and unauthorized secret loans from their Affiliates to the Limited Partnership." OAIC also alleged it discovered, through a deposition of Larry White on March 29, 2006, that CAWC, by and through White, "booked financial obligations on the books and records of the Limited Partnership and created promissory notes ... to repay such obligations, related to amounts paid by White, CAWC, and other affiliates of White for attorney's fees and costs ... without first obtaining (a) the approval of OAIC or (b) [the trial court's] approval (hereinafter referred to collectively as the 'Post-trial Loans')." OAIC sought a declaratory judgment that those "Post-trial Loans are void and of no force and effect against the Limited Partnership or its property." Appellees filed a plea to the jurisdiction, asserting OAIC lacked standing because this Court previously concluded the assignment from AFC to OAIC was invalid. In its response to the plea to the jurisdiction, OAIC argued the trial court should deny the plea or abate the case

because the mandate had not issued in the *OAIC I* case. The trial court granted the plea to the jurisdiction and dismissed OAIC's claims. OAIC then filed a motion for rehearing raising four new issues. After a brief hearing, the trial court denied the motion. This appeal ensued.

OAIC raises five issues challenging the trial court's order dismissing this case. First, OAIC argues the case should be abated until the prior case is final. It then raises the four issues asserted in its motion for rehearing in the trial court.

In its response to appellees' plea to the jurisdiction, OAIC argued the *OAIC I* judgment was not binding because "all appellate review" had not been exhausted and this Court's mandate in *OAIC I* had not issued. OAIC argued the plea to the jurisdiction was therefore premature and "not supported by any enforceable authority." OAIC asked the trial court to deny the plea to the jurisdiction or, alternatively, abate "these proceedings until all appeals in the Companion Case are exhausted and the appellate courts issue a final, non-appeallable [sic] judgment...."

During the hearing on the plea to the jurisdiction, OAIC argued only that appellees' plea was premature because "the Court of Appeals decision [in *OAIC I* ] has no force and effect in this court until a mandate issues." In fact, OAIC stated it agreed with "everything [appellees say] about the basis of all the litigation. It all has to do with the same assignment." OAIC asked the trial court to abate the case pending the outcome of the *OAIC I* appeal. The Texas Supreme Court denied OAIC's petition for review on March 28, 2008, and this Court issued its mandate October 23, 2008. Thus, the only argument raised by OAIC in the trial court, prior to OAIC's motion for rehearing-that this Court's opinion was not final or controlling because the mandate had not issued-is no longer valid. Because we are bound by our own Court's precedent, we conclude the trial court did not err in concluding OAIC lacked standing under the limited partnership agreement because of an invalid assignment. *See Weiner v. Wasson,* 900 S.W.2d 316, 320 (Tex.1995) (court is bound by its own precedent).

In its brief on appeal to this Court, OAIC urged us to consider the four issues it raised in its motion for rehearing in the trial court. Specifically, OAIC asks us to consider that:

1. AFC's obligation to provide a satisfactory securities opinion letter is a covenant, not a condition precedent, and AFC's failure (if any) to do so does not invalidate the assignment or undermine OAIC's standing to protect its investment;

2. Neither Georgia nor Texas law allows an anti-assignment provision to be enforced against an assignee of rights under these circumstances;

3. Whether a condition or covenant, the law excuses performance of an immaterial obligation if enforcement would result in forfeiture; and

4. AFC provided a proper securities opinion letter, and CAWC cannot deny OAIC standing by unreasonably withholding its approval.

At the time of the plea to the jurisdiction hearing, the trial court had before it only the original petition, original answer, plea to the jurisdiction, and response to the plea to the jurisdiction. In its response to the plea to the jurisdiction, OAIC argued that the opinion in *OAIC I* was not final and therefore the decision had "no current force or effect." The response sought a denial because the *OAIC I* opinion was "neither final nor enforceable in the lower courts" or alternatively, an abatement until the appellate process in *OAIC I* was exhausted. Thus, the only issue before the trial court was whether this Court's opinion was final.

When OAIC filed its motion for rehearing in the trial court, it raised the above four issues for the first time; however, OAIC did not present any evidence in support of its claims. Thus, as was the case at the time the plea to the jurisdiction was heard, the trial court had only the pleadings before it when considering OAIC's motion for rehearing. It follows that our appellate record does not contain any evidence, such as the partnership agreement, that would allow consideration or determination of the above four issues. Nevertheless, OAIC is asking us to reverse the trial court's order based on the construction of a document not entered in the record and not before this Court. OAIC had the burden on appeal to show the trial court erred in denying its motion. Without evidence of the document at issue, this Court cannot consider the merits of these issues. *See Sabine Offshore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex.1979) (appellate courts cannot look outside record to discover relevant facts omitted by parties; rather, we are bound to determine cases on records as filed); *Perry v. Kroger Stores,* 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ) (same); *Quorum Int'l. v. Tarrant Appraisal Dist.,* 114 S.W.3d 568, 572 (Tex. App.-Fort Worth 2003, pet. denied); *Dominguez v. Gilbert,* 48 S.W.3d 789, 794 (Tex. App.-Austin 2001, no pet.) (same); *Mitchison v. Houston Indep. Sch. Dist.,* 803 S.W.2d 769, 771 (Tex.App.-Houston [14th Dist.] 1991, writ denied) (same). Under these facts and circumstances, we cannot conclude the trial court erred in overruling OAIC's motion for rehearing. We overrule OAIC's five issues on appeal.

We affirm the trial court's order.