OAIC COMMERCIAL ASSETS, L.L.C., Appellant

v.

Carlton FITE, Unity Enterprises Property Corporation, Texas Four Partnership a/k/a U.E. Texas Four, Chelsey Ann Corporation, Shannon Capital Corp. Legal Fund I, Ltd., U.E.P.C., L.P., Unity Waterford Fair Oaks, Ltd., Pendleton Development Limited, State Street Acquisitions, L.L.C., Glen E. Martin, III, as Trustee of the White Children's Trust, Larry White, as Custodian for Chelsey White, UGMA, Capricorn Enterprises, Inc., Unity Mea-

dowcrest, Inc., Unity Enterprises Property, L.L.C., Larry White, CAWC Financial, Inc., U.E. Texas Five Partnership, VSC LLC, VRC LLC, VSC Management LLC, TWCFT LLC, and Chelsea Vehicle LLC, Appellees.

No. 05–07–01681–CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2009.

Peter J. Harry, Brown McCarroll, L.L.P., Jessica B. Pulliam, Baker Botts L.L.P., William V. Dorsaneo, III, Dallas, TX, Kurt Howard Kuhn, Brown McCarroll, L.L.P., Thomas Phillips, Baker Botts L.L.P., Austin, TX, for appellant.

James C. Mosser, Mosser Hill PLLC Lawyers, Dallas, TX, for appellees.

Before Justices FITZGERALD, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

OAIC Commercial Assets, L.L.C. appeals the trial court's order granting appellees' plea to the jurisdiction. We affirm.

This appeal is a companion to *OAIC Commercial Assets, L.L.C. v. White*, 293 S.W.3d 883 (Tex.App.-Dallas 2009, no pet. h.) (*OAIC III*) recently decided by this Court. We refer the parties to the background facts as stated in that opinion and do not recite them in detail here. In summary, in the first of a series of lawsuits, OAIC sued various parties alleging claims for breach of contract and fiduciary duty relating to a purported assignment from AFC Equities, L.P. of its interest in Stonegate Village, L.P. to OAIC. OAIC prevailed below and the defendants appealed. We reversed, concluding that the assignment was not valid and, as a result, OAIC lacked standing to bring its breach of contract and fiduciary duty claims. *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 741, 746 (Tex.App.-Dallas 2007, pet. denied) (*OAIC I*). Because OAIC lacked standing to bring its claims, we vacated the trial court's judgment and dismissed the case for lack of jurisdiction. *Id.* at 746.

While the appeal in *OAIC I* was pending, OAIC filed this lawsuit (*OAIC II*) against appellees seeking to recover funds it contended were owed to OAIC based on the assignment of AFC's interest in Stonegate to OAIC. The lawsuit alleged claims for conversion, unjust enrichment, and fraudulent conveyance against the entities that OAIC contended directly benefitted from allegedly unauthorized loans. In *OAIC III*, OAIC sought a declaratory judgment that the allegedly unauthorized loans were void and of no force and effect. *See OAIC III*, 293 S.W.3d at 884. Appellees filed a plea to the jurisdiction arguing that OAIC lacked standing to bring its claims based on this Court's opinion in *OAIC I*. Both this case (*OAIC II*) and its companion (*OAIC III*) were consolidated in the trial court for purposes of the plea to the jurisdiction.

In *OAIC III*, we noted that the only issue OAIC argued in response to the plea to the jurisdiction was that this Court's mandate in *OAIC I* had not issued and it was premature to grant the plea based on OAIC's lack of standing until the appeal in *OAIC I* was final. *Id.* We further noted that OAIC agreed that the issues in both *OAIC II* and *OAIC III* involved "the same assignment" as in *OAIC I*. *Id.* By the time *OAIC III* was decided, this Court's

mandate in *OAIC I* had issued and that appeal was final, and we stated that we were bound by our own Court's precedent. *Id.* As a result, we concluded that the trial court did not err by dismissing OAIC's claims because OAIC lacked standing based on an invalid assignment. *Id.*

In its brief to this Court, OAIC urges us to consider four issues relating to standing that it raised when it filed its motion for rehearing in the trial court. *See OAIC III,* 293 S.W.3d at 885. These issues relate to the construction of the parties' partnership agreement and laws applicable to that agreement. *See id.* However, as in *OAIC III,* the record in this case does not contain any evidence, such as the partnership agreement, that would allow us to consider or determine these issues. Without evidence of the document at issue, we cannot consider the merits of those issues. *See id.; Sabine Offshore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex.1979) (appellate courts cannot look outside record to discover relevant facts omitted by parties; rather, we are bound to determine cases on records as filed). Under these facts and circumstances, we cannot conclude that the trial court erred by dismissing OAIC's claims against appellees. *See OAIC III,* 293 S.W.3d at 886. We overrule OAIC's issues.

We affirm the trial court's order.