MEMORANDUM OPINION

 

No. 04-09-00469-CV

 

Nancy Ann THORNTON,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the County Court,
Jim Wells County, Texas

Trial Court No. 7391

Honorable L. Arnoldo
Saenz, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:                        Karen Angelini, Justice

                        Sandee
Bryan Marion, Justice

                        Rebecca
Simmons, Justice

 

Delivered and
Filed:  August 11, 2010

 

AFFIRMED

 

On
June 22, 2009, the trial court granted a temporary ex parte protective order in
favor of James Thornton, against his daughter Appellant Nancy Thornton.[1]  After a final hearing, on July 2,
2009, the trial court granted the application for protective order.  Nancy
appeals from the trial court’s order.

Statement of
Facts

            This
case arises from a difficult family dispute between an elderly gentleman and
his daughter.  Because of the issues involved, a detailed discussion of the
facts follows.  The State, on behalf of Mr. James Thornton, sought a protective
order against Mr. Thornton’s daughter, Nancy Thornton.  Nancy responded that
her father was diagnosed with Alzheimer’s in 2004, and that he was living in
unsafe conditions. 

At
the hearing, Mr. Thornton testified that he was eighty-seven years old, and he
married his current wife, Adelfa Barton, in 1997 after Nancy’s mother died. 
Nancy lived next door to Mr. Thornton and Adelfa.  Problems arose after he gave
Nancy a power of attorney in order for her to purchase some property from him. 
Nancy used the power of attorney to withdraw funds from Mr. Thornton’s bank
account without his permission.  Mr. Thornton subsequently requested the bank
revoke the power of attorney.  Mr. Thornton also testified that Nancy had the
post office forward his and Adelfa’s mail to Nancy’s address and he had to
replace his mailbox.  Additionally, Nancy went to the Highway Department to
take his and Adelfa’s driver’s licenses away, and she followed him and his wife
around.  

            During
her cross-examination of Mr. Thornton, Nancy attempted several times to ask her
father about his medical condition.  He adamantly denied being diagnosed with
Alzheimer’s and explained that, although he was recently hospitalized, it was
for complications associated with gout.  When presented with pictures from his
residence, Mr. Thornton explained that he used a cane at the house, not a
walker, and that he could maneuver without complications.  Finally, he opined
that his wife, Adelfa, to whom he had been married for thirteen years, took
care of him, gave him his medications, and cooked his meals for him.

            Adelfa
testified that the original power of attorney was given to Nancy on February
13, 2006 but was subsequently revoked.  She also testified to Mr. Thornton’s
dismay regarding numerous attempts by Nancy to interfere with her father’s and
Adelfa’s lives, including: (1) Nancy transferred funds from Mr. Thornton’s bank
account to a new joint account for Mr. Thornton and Nancy resulting in bounced
checks written on the old account; (2) Nancy cancelled their mail delivery and
transferred it to her Corpus Christi box; (3) Nancy tried to have the Texas
Department of Public Safety cancel both Adelfa’s and Mr. Thornton’s drivers’
licenses; and (4) Nancy called Adult Protective Services regarding Adelfa’s
alleged abuse of Mr. Thornton, allegations which were determined
unsubstantiated.  Adelfa confirmed that Mr. Thornton suffered from gout and was
hard of hearing, but considering his age, he was in good health.  Adelfa
concluded she feared Nancy’s interference and stalking, which ironically was
evidenced by the pictures Nancy had taken that showed she was in their home without
their permission.  On cross-examination, Nancy attempted to examine Adelfa
regarding several documents that Adelfa alleged were never signed by Mr.
Thornton, and that she had never seen.[2] 


            Finally,
the State called James Thornton, Jr., Nancy’s brother, to testify.  James
described Mr. Thornton and Adelfa as very happy, and he believed Adelfa took
good care of his father.  James confirmed that the original power of attorney,
which Nancy used for the bank account and transferring the mail, was signed
without Adelfa’s knowledge, and many of the other documents Nancy relied upon
were forged and did not contain Mr. Thornton’s signature.  James regarded his
sister Nancy as simply “mooching” off her father and as interfering.  Finally,
James testified that his father, Mr. Thornton, does not have Alzheimer’s and is
in relatively good health.

            During
her testimony, Nancy explained that Mr. Thornton was diagnosed with Alzheimer’s
in 2004, and that Adelfa was also in the early stages of dementia.  Additionally,
she opined that Adelfa was not properly feeding and medicating her father. 
Nancy also argued that, in February of 2006, Mr. Thornton agreed to have Nancy
take over legal responsibility for him and it was agreed Adelfa’s son would
take over legal responsibility for her.  During her testimony, Nancy mentioned
a note and other powers of attorney but no copies of such documents are
contained in the record.  At the conclusion of the hearing, the trial court
granted the protective order.

Notarized Documents Excluded From the Record

            In
her first issue on appeal, Nancy complains that the trial court erroneously
excluded a power of attorney recorded June 10, 2009 and other documents from
evidence.[3] 
There is no further identification of the documents, nor are they included in
the record.  However, from the reporter’s record, Nancy’s complaint appears to
relate to a note of some type and other powers of attorney.

A.  Standard
of Review

The
decision whether to admit evidence lies within the sound discretion of the
trial court.  E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d
549, 558 (Tex. 1995); McEwen v. Wal-Mart Stores, Inc., 975 S.W.2d 25, 27
(Tex. App.—San Antonio 1998, pet. denied).  An appellate court will not disturb
the trial court’s exercise of discretion absent a showing of clear abuse.  See
Robinson, 923 S.W.2d at 558.  The test for abuse of discretion is “whether
the trial court acted without reference to any guiding rules or principles.”  Id. 


B.  Offer of
Proof

In
order to determine whether the trial court abused its discretion in refusing to
admit evidence, an offer or tender of the evidence must be made.  “To preserve
error concerning the exclusion of evidence, the complaining party must actually
offer the evidence and secure an adverse ruling from the court.”  Bobbora v.
Unitrin Ins. Servs., 255 S.W.3d 331, 334–35 (Tex. App.—Dallas 2008, no pet.) (citing Fletcher
v. Minn. Mining. & Mfg. Co., 57 S.W.3d 602, 607 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied)); see also Tex.
R. Evid. 103(a)(2); Tex. R. App.
P. 33.1.  A party’s failure to demonstrate the substance of the excluded
evidence results in waiver.  See Sw. Country Enters., Inc. v. Lucky
Lady Oil Co., 991 S.W.2d 490, 494 (Tex. App.—Fort Worth 1999, pet. denied).


Even
if an offer of proof had been made, without the documents we cannot ascertain
the error.  “Although Texas Rule of Appellate Procedure 35.3(a) places the
burden to timely prepare, file, and certify the clerk’s record on the trial
court clerk, the appellant bears the burden to bring forward an appellate
record that enables this court to determine whether the appellant’s complaints
constitute reversible error.”  Crown Asset Mgmt., LLC v. Dunavin,
No. 05-07-01367-CV, 2009 WL 2837754 (Tex. App.—Dallas Sept. 4, 2009, no pet.)
(citations omitted); see also Enter. Leasing of Houston v. Barrios, 156
S.W.3d 547, 549 (Tex. 2004).  

Nancy
attempts to assist this court by attaching documents to her brief; however, an
appellate court cannot consider documents attached to briefs and must consider the
case based solely upon the record filed.  WorldPeace v. Comm’n for
Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.]
2005, pet. denied) (citing Cherqui v. Westheimer St. Festival Corp., 116
S.W.3d 337, 342 n.2 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).  Thus,
although Nancy sent numerous documents to this Court that were not included in
the record, the documents are not a part of the appellate record and we are,
therefore, unable to review Nancy’s complaint.  Accordingly, we conclude that
the trial court did not abuse its discretion in excluding the evidence in question. 
See Robinson, 923 S.W.2d at 558.

Trial Court Improperly Weighed the Evidence

            In
her next issue on appeal, Nancy asserts the trial court erroneously gave more
credibility to the State’s witnesses than to her testimony.  

In
a nonjury trial or hearing, the trial court is the exclusive judge of the
credibility of the witnesses, and the weight to be given their testimony.  See
City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005); Tate v.
Commodore County Mut. Ins. Co., 767 S.W.2d 219, 224 (Tex. App.—Dallas 1989,
writ denied).  The trial court may believe one witness and disbelieve others,
and may resolve inconsistencies in any witness’s testimony.  City of Keller,
168 S.W.3d at 819; Tate, 767 S.W.2d at 224.  Here the testimony
was conflicting concerning the health of Mr. Thornton and also the validity of
certain documents.  The trial court was free to make its own evaluation
concerning the testimony and documents.  See Tiller v. Martinez,
974 S.W.2d 769, 777 (Tex. App.—San Antonio 1998, pet. dism’d w.o.j.); City
of Keller, 168 S.W.3d at 819.  Without question, the trial court was in the
best position to judge the witnesses’ credibility and the record supports the
trial court’s decision to grant the protective order. 

Alleged Bias of the Trial Court

Nancy
also contends the judge was biased against her as shown by his rulings.  Bias,
like any other form of error, must be preserved in the trial court.  See
Tex. R. App. P. 33.1(a); Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  Nancy did not raise
this issue before the trial court as required by Tex. R. App. 33.1.  Dow
Chem. Co., 46 S.W.3d at 241.  Thus, she has waived this issue on appeal.  

Even
if Nancy had not waived this issue, there is no evidence of bias in the
record.  In Dow Chemical Company v. Francis, 46 S.W.3d at 240, the Texas
Supreme Court considered whether the trial judge’s comments constituted bias as
a matter of law.  The Court relied on Liteky v. United States, 510 U.S.
540, 555 (1994), which held that “judicial rulings alone almost never
constitute a valid basis for a bias or partiality recusal motion.”  Dow
Chem. Co., 46 S.W.3d at 240 (quoting  Liteky, 510 U.S. at 555).  Liteky
further stated that “judicial remarks during the course of a trial that are
critical or disapproving of, or even hostile to, counsel, the parties, or their
cases, ordinarily do not support a bias or partiality challenge.”  Liteky,
510 U.S. at 555.  “[O]pinions formed by the judge on the basis of facts
introduced or events occurring in the course of the current
proceedings . . . do not constitute a basis for a bias or
partiality motion unless they display a deep-seated favoritism or antagonism
that would make fair judgment impossible.”  Id.  

The
trial judge exhibited patience and professionalism in his dealings with Nancy
and the other witnesses.  Based on our review of the entire record, we cannot
conclude that Nancy was denied a fair trial.

Incomplete or
Altered Record

            In
her final point on appeal, Nancy contends that portions of the hearing were
left off the tape-recording of the hearing and that “the transcript is
alter[ed] from original testimonies.”  

Our
appellate record does not contain any evidence, such as the alleged deleted
section of the record, which would allow consideration or determination of this
issue.  Nevertheless, Nancy requests that we reverse the trial court’s order
based on alleged testimony not entered in the record and not before this
Court.  As previously discussed, Nancy bore the burden on appeal to bring
forward an appellate record to show the trial court erred in granting the
protective order.  Without evidence of the testimony in question, this Court
cannot consider the merits of this issue.  See OAIC Commercial
Assets, L.L.C. v. White, 293 S.W.3d 883, 886 (Tex. App.—Dallas 2009, pet.
denied); see also Quorum Int’l v. Tarrant Appraisal Dist., 114 S.W.3d
568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (“We cannot look outside the
record in an effort to discover relevant facts omitted by the parties; rather,
we are bound to determine this case on the record as filed.”).  Accordingly, in
the absence of a transcription or tape of the portion of the hearing in
question, we cannot conclude that the trial court abused its discretion in granting
the requested protective order.

Conclusion

            Because
Appellant Nancy Thornton failed to bring forward sufficient evidence to show
that the trial court’s exclusion of evidence caused the rendition of an
improper judgment, we cannot say the trial court abused its discretion in
excluding the evidence.  Additionally, although Nancy believes the trial court
was biased in favor of the State, the record does not support such
allegations.  Moreover, we remain mindful that, in a non-jury hearing, the
trial court is the exclusive judge of the witnesses’ credibility and the weight
to be given their testimony.  Finally, because the appellate record does not
support Nancy’s conclusion that the transcription of the hearing was altered or
changed by any means.  Accordingly, we affirm the judgment of the trial court.

 

Rebecca Simmons, Justice

 









[1]  Because many of the parties bear the
same surname, for purposes of clarity, we refer to the parties as follows: 
Nancy Thornton and James Thornton, Jr. as Nancy and James, respectively. 
Additionally, we refer to James Thornton, the applicant for the protective
order, as Mr. Thornton.





[2]  The documents were not admitted into
evidence, but the State described the documents as purported powers of attorney
to Nancy that were signed prior to Mr. Thornton’s revocation of all powers of
attorney in June 2009.  





[3]  Nancy is representing herself in
this appeal and her brief is less than clear in many respects.  We note, as the
State does in its briefing, that an appellate court reads the appellant’s brief
in light of Texas Rule of Appellate Procedure 38.9.  Tex. R. App. P. 38.9 (“Because briefs are meant to acquaint
the court with the issues in a case and to present argument that will enable
the court to decide the case, substantial compliance with this rule is
sufficient. . . .”); Sheikh v. Sheikh, 248 S.W.3d 381, 392 (Tex.
App.—Houston [1st Dist.] 2007, no pet.).  Accordingly, we have liberally
construed Nancy’s briefing.