**Opinion filed July 27, 2017**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-15-00178-CV

_____

**PHILLIP WADE HANNA, Appellant**

**V.**

**LORA KAY HANNA, Appellee**

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C44997**

## M E M O R A N D U M   O P I N I O N

Appellant, Phillip Wade Hanna, filed a motion for enforcement of the final decree of divorce between him and Appellee, Lora Kay Hanna. After a hearing, the trial court denied the motion. Appearing pro se on appeal, Appellant brings a single issue asserting that the trial court erred in denying his motion for enforcement. We affirm.

*Background Facts*

Appellant and Appellee were divorced on January 18, 2013. Their agreed final decree of divorce awarded Appellant "three boxes of photographs, [and] previous marriage and trucking company items removed from the house in Perrin." Appellee was to deliver these items to her attorney for him to deliver to Appellant. Appellant never received these items from Appellee.

On November 6, 2014, Appellant filed a motion for enforcement requesting to receive the three boxes of photographs that he was awarded in the final decree of divorce. The trial court subsequently held a hearing on the motion. During the hearing, Appellee testified that Appellant allowed her to take a few items from the home they shared when they separated. She took a few items, including frames and decorations, but the frames did not contain photographs and she did not take any photographs. Appellee stated that she never went to the house, where the photos were located, after she and Appellant separated. According to Appellee, the house in which the photos were located burned down, and she never recovered any photos belonging to her or Appellant.

Appellant represented himself at the hearing. According to Appellant, the three boxes of photographs were not in the house when it burned down. Rather, they were in the trunk of a car that was parked behind the house that burned down. Appellant stated that Appellee visited him in jail and told him that she removed everything out of the trunk of the car, including the three boxes. The trial court stated that it believed Appellee's testimony and denied Appellant's motion.

*Analysis*

"We review the trial court's ruling on a post-divorce motion for enforcement of a divorce decree under an abuse of discretion standard." *Woody v. Woody*, 429 S.W.3d 792, 797 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to

2

guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). "When, as here, the trial court did not file findings of fact and conclusions of law, we imply that the trial court made all findings necessary to support the judgment and will uphold those findings if supported by sufficient evidence." *Woody*, 429 S.W.3d at 797.

Appellant asserts that the trial court ruled contrary to the law in denying his motion to enforce the division of property in the final divorce decree. We disagree. Appellant filed his motion to enforce because he did not receive three boxes of photographs that he was entitled to receive under the terms of the divorce decree. Appellant, as movant, had the burden of proof on this issue. *Id.* at 798 (citing *In re A.L.S.*, 338 S.W.3d 59, 66 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)).

Section 9.009 of the Texas Family Code provides as follows:

> To enforce the division of property made or approved in a decree of divorce or annulment, the court may make an order to deliver the specific *existing* property awarded, without regard to whether the property is of especial value, including an award of an existing sum of money or its equivalent.

TEX. FAM. CODE ANN. § 9.009 (West Supp. 2016) (emphasis added). The trial court determined that the items were not in Appellee's possession or custody. Appellee's testimony at the hearing on the motion to enforce supported this determination. The trial court decided to believe Appellee's testimony that she did not have the photographs. As the sole judge of the credibility of the witnesses, the trial court was free to accept Appellee's testimony. *See Woody*, 429 S.W.3d at 799 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)).

Appellant asserts that Appellee's testimony regarding the photographs and the fire was false. However, the evidence Appellant relies on to make this assertion is not part of the appellate record, and we cannot look outside the record in conducting our analysis. *See OAIC Commercial Assets, L.L.C. v. White*, 293 S.W.3d 883, 886

3

(Tex. App.—Dallas 2009, pet. denied); *see also* TEX. R. APP. P. 38.1(i). Accordingly, Appellant has not demonstrated that the trial court abused its discretion in denying his motion for enforcement on the basis that the photographs were not in Appellee's possession or custody. *See Woody*, 429 S.W.3d at 799. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

JUSTICE

July 27, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.