Quorum International v. Tarrant County Appraisal District and Tarrant County Appraisal Review Board

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-216-CV

QUORUM INTERNATIONAL APPELLANT

V.

TARRANT APPRAISAL DISTRICT AND APPELLEES

TARRANT APPRAISAL REVIEW BOARD

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Quorum International sued Appellees Tarrant Appraisal District and Tarrant Appraisal Review Board regarding the failure to grant Quorum a freeport exemption for the 1999 tax year.
(footnote: 1)  The trial court dismissed Quorum’s suit for want of jurisdiction, finding that Quorum failed to exhaust its administrative remedies.  In two issues, Quorum claims that it exhausted its administrative remedies and that in any event a new amendment to the property tax code bars dismissal of its suit.  We will affirm.

II.  Background Facts

The parties entered an “Agreed Stipulation of Facts” indicating that on January 1, 1999, Quorum owned business personal property located in Tarrant County, Texas.  Quorum’s inventory goods had previously qualified for a freeport exemption, so in January 1999, Tarrant Appraisal District sent Quorum a letter explaining that a new application for a freeport exemption was required each year, the new application must be filed with Tarrant Appraisal District before May 1, and the failure to file a timely application would result in denial of the freeport exemption.  Along with the letter, Tarrant Appraisal District enclosed a freeport exemption application.

Quorum failed to timely file its freeport exemption application, which was due before May 1.  Instead, on June 23, 1999, Michael Clarkson of Associated Tax Appraisers, as agent for Quorum, forwarded Quorum’s freeport exemption application to Tarrant Appraisal District along with the following cover letter:

Quorum International is a small company who in the past has timely filed and been granted a Freeport Exemption.  Due to an oversight, we didn’t file our form in a timely manner.  Please accept our application which means everything to our bottom line.  Thank you for your consideration in this matter.  Please call if you have any questions.

About a week later, Tarrant Appraisal District notified Associated Tax Appraisers, as agent for Quorum, that Quorum’s application for a 1999 freeport exemption was denied because it was received on June 25, 1999, past the April 30, 1999 deadline.  Associated Tax Appraisers then sent a notice to the Tarrant Appraisal Review Board protesting Tarrant Appraisal District’s denial of the freeport exemption application for the tax year 1999. 

The Tarrant Appraisal Review Board held a hearing on Quorum’s protest, and Ruth Jones of Associated Tax Appraisers appeared on behalf of Quorum. The Tarrant Appraisal Review Board issued an order denying Quorum’s protest, and Quorum filed suit in district court. 

In district court, Quorum asserted that Tarrant Appraisal District erroneously failed to treat Mr. Clarkson’s June 23, 1999 letter as a request for an extension of time to file the freeport exemption application.  Quorum complained that Clarkson’s letter was in reality a request for an extension of time to file Quorum’s application for a freeport exemption and claimed that the letter set forth good cause, “an oversight,” for Quorum’s failure to timely file its application.  The Tarrant Appraisal District filed a plea to the jurisdiction, contending that Quorum had not exhausted its administrative remedies on the extension issue.  Specifically, Tarrant Appraisal District asserted that an issue must be appealed to the review board before it can be contested in court and explained that Quorum had protested only the failure to grant it a freeport exemption, not the failure to grant it an extension of time to file the freeport exemption application.

The trial court conducted a hearing on Tarrant Appraisal District’s plea to the jurisdiction and made findings of fact and conclusions of law.  The trial court’s conclusions of law included the following:

3.  The denial of a late application is mandatory.  An application that is filed after the April 30
th
 deadline is late unless an extension for good cause is granted by the chief appraiser.

. . . .

5.  The chief appraiser is given the sole authority and discretion to grant an extension to late exemption applications.

6.  The late submission of an exemption application is not a request for an extension of time to submit the application.

7.  If an extension of time for submitting an exemption application is not requested from the chief appraiser, an extension cannot be granted.

8.  The failure to obtain a determination of “good cause” from the chief appraiser is a failure to exhaust administrative remedies available for extending the time line for filing an exemption application.

9.  The Plaintiff’s failure to exhaust the administrative remedies available on the issue of “good cause” prevents the review of whether “good cause” existed for Plaintiff’s failure to timely file the exemption application.

10.  . . .  Plaintiff’s failure to timely file the exemption application resulted from Plaintiff’s conscious disregard.

. . . .

12.  The “oversight” by Plaintiff’s agent, Associated Tax Appraisers, or the “misunderstanding” between Plaintiff and its agent, had no relation to computer data, computing, or calculation.  Further, it was not the result of an error in “reasoning” or “judgment.”  As a result, the error does not meet the definition of “clerical error” as set forth in Section 1.04(18) of the Texas Property Tax Code. [Citations omitted.]

Based upon these findings and conclusions, the trial court dismissed Quorum’s case for want of jurisdiction.

III.  Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law, therefore, we review a trial court’s dismissal for want of jurisdiction de novo.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999); 
Mogayzel v. Tex. Dep’t of Transp.
, 66 S.W.3d 459, 463 (Tex. App.—Fort Worth 2001, pet. denied)
.

IV.  Law and Application to Facts

A.  Applicability of Section 11.439

We first address Quorum’s second issue contending that the 2001 addition of section 11.439 to the property tax code applies to its appeal. Quorum complains that the district court erred in dismissing its suit for want of jurisdiction because section 11.439 of the property tax code, which became effective two years after the Tarrant Appraisal Review Board upheld the chief appraiser’s denial of Quorum’s late-filed 1999 application, applies retroactively to require the chief appraiser to accept Quorum’s late application and to make a determination of exemption on the merits.  Appellees contend that section 11.439 is a substantive addition to the property tax code that cannot be applied retroactively and assert that, in any event, Quorum failed to present evidence establishing that it met the requirements of section 11.439. 

Section 11.439 provides in pertinent part:

(a) The chief appraiser shall accept and approve or deny an application for an exemption for freeport goods under Section 11.251 after the deadline for filing it has passed 
if it is filed before the date the appraisal review board approves the appraisal records
.

Tex. Tax Code Ann.
 § 11.439 (Vernon 2001) (emphasis added).

Property tax code section 41.12 requires the appraisal review board to, among other things, approve the appraisal records “
[b]y
 July 20.”  
Tex. Tax Code Ann.
 § 41.12(a)(4) (emphasis added).  The statute thus sets a final deadline by which the records must be approved; it does not, however, prohibit the board from approving the records 
before
 the July 20 deadline.  Having reviewed the record in its entirety, we find that Quorum presented no evidence of the date that the 1999 appraisal records were approved.

Although it is entirely possible that the appraisal records had not yet been approved by the time Quorum submitted its late application, there is no evidence in the record from which we can make that determination.  We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed. 
Sabine Offshore Serv., Inc. v. City of Port Arthur
, 595 S.W.2d 840, 841 (Tex. 1979);
 Dominguez v. Gilbert
, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.);
 Siefkas v. Siefkas
, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ); 
Mitchison v. Houston ISD
, 803 S.W.2d 769, 771 (Tex. App.—Houston [14
th
 Dist.] 1991, writ denied); 
Perry v. Kroger Stores
, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ);
 Zodiac Corp. v. Gen. Elec. Credit Corp.
, 566 S.W.2d 341, 347 (Tex. Civ. App.—Tyler 1978, no writ).  Based upon the record before us, we hold that Quorum failed to present evidence necessary to establish its entitlement to relief under section 11.439.  Therefore, even if Quorum were to prevail in its argument that section 11.439 is procedural and controls pending litigation, that section cannot operate to Quorum’s benefit in this case.  In light of our holding, we need not address the procedural or substantive nature of section 11.439.  We overrule Quorum’s second issue.

B.  Exhaustion of Administrative Remedies

In its first issue, Quorum complains that the district court erred in dismissing its case because it had exhausted all of its administrative remedies by properly protesting the denial of its application for a freeport exemption. Appellees, on the other hand, contend that Quorum did not exhaust its administrative remedies because Quorum (1) never requested an extension of time to file its application; (2) did not present facts showing “good cause” for the late filing; and (3) failed to raise the issue of the denial of an extension of time to file the application in its protest before the appraisal review board.

A property owner is entitled to protest before the appraisal review board any action by the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.  
Tex. Tax Code Ann. 
 § 41.41(a)(9).  After filing the required notice of protest, the property owner is entitled to an opportunity to appear and present evidence or argument to the appraisal review board.  
Id.
 §§ 41.44, 41.45.  If the property owner is aggrieved by the determination of the appraisal review board following the protest hearing, the property owner is then entitled to appeal the decision to the district court.  
Id.
 §§ 42.01(1)(A), 42.21(a).  The administrative procedures prescribed for resolution and appeal of such a protest are exclusive.  
Id.
 § 42.09.  Thus, to preserve an issue for appeal to the district court, the property owner must first raise the issue before the appraisal review board.  
First Bank of Deer Park v. Harris County
, 804 S.W.2d 588, 592 (Tex. App.—Houston [1
st
 Dist.] 1991, no writ) (op. on reh’g).

Quorum contends that it exhausted its administrative remedies by properly protesting the denial of its application for the freeport exemption before the appraisal review board.  However, Quorum stipulated that it filed the application after the April 30
 
deadline.  On January 1, 1999, the date on which eligibility for the freeport exemption at issue in this appeal was determined, section 11.43 of the property tax code provided, in relevant part:

(d) To receive an exemption the eligibility for which is determined by the claimant’s qualifications on January 1 of the tax year, a person required to claim an exemption must file a completed exemption application form 
before May 1
 and must furnish the information required by the form . . . .  
For good cause shown the chief appraiser may extend the deadline for filing
 an exemption application by written order for a single period not to exceed 60 days.  

(e) . . . [I]f a person required to apply for an exemption in a given year fails to file timely a completed application form, the person may not receive the exemption for that year.

Act of May 26, 1997, 75th
 Leg., R.S., ch. 1155, § 2, 1997 Tex. Gen. Laws 4357, 4357 (amended 1999) (current version at 
Tex. Tax Code Ann.
 § 11.43(d) (Vernon 2001)) (emphasis added); Act of May 27, 1991, 72 Leg., R.S., ch. 836, § 6.5, 1991 Tex. Gen. Laws 2890, 2895 (amended 2001) (current version at 
Tex. Tax Code Ann.
 § 11.43(e) (Vernon 2001))
.  Because Quorum’s application was admittedly late, the only result Quorum could expect under the above provisions was denial of its application and loss of the freeport exemption for that year, unless Quorum obtained an extension of time from the chief appraiser.
  
Likewise, the only option available to the appraisal review board under the above provisions was to uphold the denial of Quorum’s application as untimely, unless Quorum asserted 
to the board
 that it was wrongfully denied an extension of the filing deadline after requesting an extension and showing good cause.

Quorum argues that the cover letter attached to its late application was a request for extension of time and that the letter stated good cause for the tardy filing.  However, Quorum does not claim that it presented these assertions at the appraisal review board hearing.  In order to secure judicial review of its present complaint that denial of the application was improper because it requested and showed good cause for an extension, Quorum needed to make this assertion to the Tarrant Appraisal Review Board.  Because Quorum did not submit these issues to the board, we hold that Quorum failed to exhaust its administrative remedies and is not entitled to judicial review of the issue of the alleged request for an extension of time.  
See
 
First Bank of Deer Park
, 804 S.W.2d at 592
 (holding that bank failed to exhaust its administrative remedies and was precluded from challenging 
ownership
 of stock in the trial court because the sole reason stated in bank’s notice of protest letter was that the tax levied on the stock was unconstitutional).  Accordingly, we overrule Quorum’s first issue.

V.  Conclusion

Having overruled both of Quorum’s issues, we affirm the district court’s judgment dismissing Quorum’s suit for want of jurisdiction.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: June 26, 2003

FOOTNOTES
1:
Quorum also filed suit against the Tarrant Appraisal Review Board for refusing to correct the tax rolls to reflect Quorum’s freeport exemption for 1999.  That suit was consolidated with the present suit, but is otherwise not pertinent to this appeal.