**INTERSTATE APARTMENT ENTERPRISES, L.C.,**
**Appellant,**

v.

**WICHITA APPRAISAL DISTRICT; Wichita County, Texas; City of Wichita Falls, Texas; and Wichita Falls Independent School District, Appellees.**

No. 2–04–243–CV.

Court of Appeals of Texas,
Fort Worth.

April 21, 2005.

Russell, Leonard, Key & Key, P.L.L.C., Thomas W. Key, Wichita Falls, for Appellant.

Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Robert Mott, Sandra Griffin, and Harold Lerew, Austin and Wichita Falls, for Appellees.

PANEL A: CAYCE, C.J.;
LIVINGSTON and McCOY, JJ.

## PLURALITY OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

Appellant Interstate Apartment Enterprises, L.C. appeals from the trial court's order granting appellee Wichita Appraisal District's (WAD) motion to dismiss for lack of jurisdiction.[1] We affirm in part and reverse and remand in part.

### II. Background Facts

Appellant is a limited liability company that owns an apartment complex in Wichita Falls. WAD is the appraisal district for Wichita County. In January 2003, appellant's mortgage escrow agent notified appellant that there was a $13,200.67 shortage in appellant's escrow account, which was to be used to pay ad valorem taxes on the apartment complex for the 2002 tax year. The taxes were due on January 31, 2003. Concluding that the

shortage was the result of an unanticipated increase in the WAD's valuation of the property,[2] appellant's employee Tammy Bommer called WAD and advised one of WAD's representatives that appellant had not received notice of the increased valuation and that she thought the valuation was wrong. In response, WAD sent appellant a letter explaining how to file a motion to correct the appraisal roll under section 25.25 of the Texas Property Tax Code. WAD advised appellant that the tax code requires a property owner to pay taxes on the property subject to the appeal before the delinquency date or forfeit the right to appeal and attached a copy of section 25.25(d), which provides that an "error may not be corrected unless it resulted in an appraised value that exceeds by more than one-third the correct appraised value." *See* TEX. TAX CODE ANN. § 25.25(d) (Vernon 2001). In addition, WAD sent appellant a form on which to file the section 25.25 motion.

Appellant paid the taxes and filed a section 25.25 motion before the January 31, 2003 delinquency date. Despite the fact that section 25.25 allows a correction only if the error resulted in an appraised value that exceeds the correct value by more than one-third, appellant stated in its motion that, in its opinion, the value of the property for the 2002 tax year was $6.7 million, an amount that did not satisfy the one-third requirement. On April 21, 2003, WAD sent appellant a letter stating that while the valuation may have been incorrect, appellant was not entitled to a correction because "the value [was] not one-third over appraised." Appellant's appeal to the Appraisal Review Board was also denied.

1. Appellees Wichita County, Texas, City of Wichita Falls, Texas and Wichita Falls Independent School District waived their right to file a brief in this case and adopted the brief filed by WAD.

2. WAD valued the property at $7.44 million for the 2002 tax year. Nothing in the record indicates the property's valuation for the 2001 tax year.

Appellant filed suit seeking a declaratory judgment that (1) the valuation for the 2002 tax year was void because WAD failed to give appellant notice of the valuation increase and provided appellant with misleading information regarding which remedy to pursue, (2) taxes for 2002 should have been assessed and levied based on the 2001 valuation, and (3) appellant is entitled to a refund of the taxes paid for the 2002 tax year to the extent that the 2002 payment exceeded the amount that would have been owed using the 2001 valuation. WAD filed a motion to dismiss arguing that the trial court lacked jurisdiction to hear the suit because appellant failed to exhaust its administrative remedies regarding the lack of notice issue. Specifically, WAD argued that appellant should have filed a protest of WAD's failure to give notice under section 41.411 of the tax code.

Appellant filed a motion for partial summary judgment arguing that because WAD provided appellant with inaccurate and false information, it was barred from asserting its jurisdictional defense. Appellees filed responses to appellant's motion. Based on an agreement between the parties, the trial court admitted all of the evidence attached to appellant's motion for partial summary judgment and WAD's response. On May 3, 2004, the trial court entered an order granting WAD's motion to dismiss for lack of jurisdiction.

### III. Standard of Review

Because the existence of subject matter jurisdiction is a matter of law, we review de novo the trial court's dismissal for lack of jurisdiction. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). In doing so, we must examine appellant's pleadings to determine whether appellant

has "affirmatively shown that the trial court had subject matter jurisdiction." *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,* 19 S.W.3d 393, 404 (Tex. 2000).

### IV. Issues on Appeal

In appellant's first issue, it argues that an appraisal district has a duty either to provide accurate information or to not provide inaccurate or incomplete information regarding the method of contesting an increase in property valuation. Appellant also argues that a breach of this duty exempts the taxpayer who relies on the inaccurate or incomplete information to its detriment from the jurisdictional requirement that it exhaust administrative remedies before filing suit. In its second issue, appellant argues that the trial court abused its discretion by granting the motion to dismiss based on the testimony presented.

### A. Motion to Correct Appraisal Roll

Section 25.25 allows a property owner to file a motion with the appraisal review board to correct an error in the appraisal roll that resulted in an incorrect value of the owner's property. TEX. TAX CODE ANN. § 25.25(d). However, section 25.25 allows a correction only if the error resulted in an appraised value that exceeds by more than one-third the correct appraised value. *Id.* Further, a section 25.25 motion must be filed before the date the taxes become delinquent. *Id.*

### B. Notice

According to section 25.19 of the tax code, the chief appraiser of an appraisal district must deliver a written notice to a property owner of the appraised value of the property owner's property if the appraised value of the property is greater than it was the preceding year. *Id.* § 25.19(a)(1) (Vernon Supp.2004–05). Section 41.411 allows a property owner to

protest the chief appraiser's failure to deliver any notice to which the property owner is entitled. *Id.* § 41.411 (Vernon 2001).

## C. Exhaustion of Administrative Remedies

Section 42.09 states that the procedures for the adjudication of the grounds of protest authorized by the tax code are exclusive, and a taxpayer may not raise these grounds as a basis for a suit to obtain a refund of taxes paid. *Id.* § 42.09(a)(2) (Vernon 2001). As a corollary, judicial review of an administrative order is not available unless all administrative remedies have been pursued to the fullest extent. *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 954 (Tex.1990); *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.,* 115 S.W.3d 261, 264 (Tex.App.-Fort Worth 2003, pet. denied), *cert. denied,* —— U.S. ——, 125 S.Ct. 106, 160 L.Ed.2d 115 (2004). Further, to preserve a specific issue for review in the district court, the same issue must first be raised before the appraisal review board. *Quorum Int'l v. Tarrant Appraisal Dist.,* 114 S.W.3d 568, 572 (Tex.App.-Fort Worth 2003, pet. denied).

## D. Estoppel

Generally, a trial court cannot acquire jurisdiction by estoppel. *Wilmer–Hutchins ISD v. Sullivan,* 51 S.W.3d 293, 294 (Tex.2001). In *Wilmer–Hutchins,* the trial court dismissed Sullivan's suit for retaliatory discharge against the school district because of failure to exhaust administrative remedies. *Id.* at 293. The Texas Supreme Court held that even if the school district misled Sullivan regarding the availability of certain administrative remedies, such conduct does not confer jurisdiction on the trial court. *Id.* at 295.

## E. Analysis

At the outset, we note that a section 25.25 motion and a protest under section 41.411 address two different issues. The section 25.25 motion is used when the taxpayer believes its property has been overvalued, while section 41.411 allows a taxpayer to protest the appraisal district's failure to provide notice of an increased valuation of the property. Tex. Tax Code Ann. §§ 25.25(d), 41.411.

Here, appellant filed a motion to correct an error in the appraisal records under section 25.25, arguing that its property had been overvalued for the 2002 tax year. In its petition, appellant requested a declaratory judgment that the 2002 valuation was void because WAD failed to provide appellant with notice of the increased valuation and provided appellant with misleading information regarding how to protest lack of notice. Appellant also stated that it had objected to WAD's valuation of the property. We will construe appellant's petition as raising both the lack of notice and the overvaluation issues. *See Tex. Assoc. of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993) (holding that an appellate court should construe pleadings in plaintiff's favor when reviewing the trial court's dismissal for lack of jurisdiction).

Because appellant did not raise the lack of notice issue before the Appraisal Review Board by filing a protest of failure to give notice under section 41.411, the trial court did not have jurisdiction to hear appellant's complaint regarding lack of notice. *See Quorum Int'l,* 114 S.W.3d at 572; *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.,* 137 S.W.3d 146, 154 (Tex.App.-Houston [1st Dist.] 2004, no pet.). Moreover, even if WAD misled appellant by providing inaccurate or incomplete information regarding which administrative remedy appellant should pursue, such conduct did not confer juris-

diction on the trial court. *See Wilmer–Hutchins*, 51 S.W.3d at 294. Accordingly, we need not decide the issue of whether WAD had a duty either to provide appellant with accurate information or to not provide appellant with inaccurate or incomplete information regarding the method of contesting an increase in property valuation. We overrule appellant's first issue.

In its second issue, appellant contends generally that the trial court abused its discretion in granting the motion to dismiss and more specifically that the trial court abused its discretion to the extent its decision was based on the findings that WAD did not, in fact, mislead appellant or provide appellant with false or inaccurate information.[3] To sustain appellant's specific complaint, we must first have held that WAD had a duty to not mislead appellant regarding which remedy to pursue and that a breach of this duty exempts appellant from the jurisdictional requirement that it exhaust administrative remedies before filing suit. On the contrary, we held that regardless of whether this duty exists, appellant is not exempt from the jurisdictional requirement that it exhaust administrative remedies before filing suit in district court and that the trial court did not have jurisdiction over the lack of notice issue. Thus, we overrule appellant's specific complaint regarding the trial court's findings of fact.

 As to appellant's general complaint regarding the motion to dismiss, we have already held that the trial court did not have jurisdiction over the lack of notice issue. But the trial court did have juris-

diction over the overvaluation issue. Because appellant filed a section 25.25 motion to correct the appraisal roll, the trial court could decide whether the Appraisal Review Board properly denied appellant's section 25.25 motion.[4] Therefore, the trial court erred by granting WAD's motion to dismiss as to the valuation question. We sustain appellant's second issue in part.

## VI. Conclusion

We affirm the part of the dismissal order pertaining to jurisdiction over the lack of notice issue and reverse the part of the dismissal order pertaining to jurisdiction over the overvaluation and remand that part for a determination of whether the Appraisal Review Board properly denied appellant's section 25.25 motion to correct the appraisal roll.

CAYCE, C.J. and McCOY, J. concur without opinion.

---

3. *See* Tex.R.App. P. 38.9 (requiring appellate courts to construe briefing rules liberally).

4. While we recognize that the trial court could have granted summary judgment on this issue because WAD's valuation of $7.44

million did not exceed appellant's opinion of the value by more than one-third, WAD did not request summary judgment, and the trial court cannot dispose of an issue on the merits in a jurisdictional challenge.