

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00476-CV

DONALD P. PRENTISS, JR.                                         APPELLANT

V.

ADRIENNE L. PRENTISS                                            APPELLEE

----------

## FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Pro se appellant Donald P. Prentiss, Jr. appeals the trial court's final divorce decree. In three issues, Donald contends that the trial court abused its discretion by awarding temporary spousal support to Appellee Adrienne L. Prentiss, by increasing the amount of temporary spousal support from $1,000 to

---

[1]*See* Tex. R. App. P. 47.4.

$3,500, and by unequally dividing the parties' community property without having sufficient information to do so. We affirm.

## II. Background

Donald and Adrienne are both physicians. They were married in 1992 and have three children together.

Donald filed an original petition for divorce on May 30, 2007. Although the appellate record does not contain a copy of the order awarding temporary spousal support to Adrienne, the record does contain a May 15, 2008 handwritten associate judge's order that reduced Donald's monthly obligation to pay temporary spousal support from $3,500 to $1,000. The subsequent temporary order is also not in the appellate record, but the associate judge apparently increased the temporary spousal support back to $3,500 per month beginning June 1, 2009. The trial court also signed further temporary orders in February 2010 that, among other things, continued the $3,500 in monthly temporary spousal support through trial.

The case was tried to the court in May 2010, and the trial court heard testimony from Donald, Adrienne, and Velma Wilson.[2] Donald testified that he filed for divorce and alleged adultery after he discovered a series of e-mails between Adrienne and a male friend. Wilson testified that Donald was physically abusive toward Adrienne and that he did not provide Adrienne and their children

---

[2]Wilson is Adrienne's mother.

with sufficient financial support during their marriage, causing her to loan Adrienne money to cover household expenses. In addition, the trial court heard testimony and received exhibits establishing that Donald expended approximately $120,000 of community funds in the eighteen months before he filed for divorce, that Donald and Adrienne were living in separate bedrooms of the family home during that time, and that Donald expended another approximately $140,000 during the pendency of the divorce proceedings. Donald testified that the $120,000 expended before he filed for divorce was to complete the build-out of his new medical office, that many of his post-filing expenses were for child support and temporary spousal support, and that his monthly expenses (including child and spousal support) exceeded his income by approximately $7,500.

The trial court signed a final decree of divorce on November 29, 2010. That judgment divided the parties' marital estate and included a money judgment against Donald for $83,663 to equalize the property division and for $61,000 in unpaid child and spousal support. This appeal followed.

### III. Standard of Review

In family law cases, the traditional sufficiency standards of review overlap with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.). To determine

3

whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we must determine whether the trial court had sufficient evidence upon which to exercise its discretion and whether the trial court erred in its application of that discretion. *Id.* at 522–23. The legal and factual sufficiency standards of review are well established. *See Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

In a non-jury trial, when no findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support its judgment. *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996); *Byrnes v. Byrnes*, 19 S.W.3d 556, 561 (Tex. App.—Fort Worth 2000, no pet.). Consequently, if the trial court's implied findings are supported by the evidence, we must uphold its judgment on any theory of law applicable to the case. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

## IV. Temporary Spousal Support

In his first and second issues, Donald contends that the trial court erred by ordering him to pay temporary spousal support to Adrienne and by later increasing the amount of temporary spousal support from $1,000 to $3,500.

A trial court has discretion in entering temporary orders for spousal support while a divorce proceeding is pending, and we review the temporary order for support for an abuse of discretion. *Barnett v. Barnett*, No. 02-04-00259-CV, 2005 WL 3244278, at *2 (Tex. App.—Fort Worth Dec. 1, 2005, no pet.) (mem. op.) (citing *Zorilla v. Wahid*, 83 S.W.3d 247, 255 (Tex. App.—Corpus Christi 2002, no pet.), *disapproved on other grounds by Iliff v. Iliff*, 339 S.W.3d 74, 83 n.8 (Tex. 2011)). However, "a record sufficient to determine whether an abuse of discretion has occurred must be provided to the appellate court." *Id.* (citing *Garduno v. Garduno*, 760 S.W.2d 735, 742 (Tex. App.—Corpus Christi 1988, no writ)).

The record in this case does not include a reporter's record from, or any exhibits or affidavits offered during, the 2007 and 2008 hearings that resulted in the orders requiring Donald's payment of temporary spousal support to Adrienne. For this reason, we are not able to review the information that formed the basis for the trial court's decisions to award Adrienne temporary spousal support or to later increase the monthly amount. Throughout his brief, Donald cites to testimony from the final trial, but the evidence from the 2010 trial is not beneficial to our review because we are still unable to determine what formed the basis of the trial court's decisions to award temporary spousal support in 2007 and 2008. *See id.* (stating testimony from trial did not support interlocutory decision to award and later increase temporary spousal support). Thus, Donald cannot show that the trial court abused its discretion by awarding Adrienne temporary

5

spousal support or by later changing the amount of the monthly temporary spousal support obligation, and we therefore overrule his first and second issues. *See id.* (holding appellant could not show abuse of discretion because appellate record did not contain hearing transcript or exhibits from temporary spousal support hearings).

## V. Division of Marital Property

In his third issue, Donald contends that the trial court's division of community property was not equitable and just because the trial court did not have sufficient information available to exercise its discretion.

### A. Applicable Law

A trial judge is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (West 2006); *Watson*, 286 S.W.3d at 522. The court has broad discretion in making a just and right division, and absent a clear abuse of discretion, we will not disturb that division. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).

Community property does not have to be divided equally, but the division must be equitable. *Kimsey v. Kimsey*, 965 S.W.2d 690, 704 (Tex. App.—El Paso 1998, pet. denied). The trial court may consider the following non-exclusive factors, among others, in determining whether the division of the community estate is equitable: (1) the spouse's capacities and abilities; (2) education; (3) the

6

relative financial conditions and obligations of the parties; (4) size of the separate estates; (5) the nature of the property; (6) disparities in earning capacities and income; (7) fault of the breakup of the marriage; and (8) any wasting of the community assets by one of the spouses. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). In determining whether to disproportionately divide the community estate, the trial court may consider a spouse's dissipation of the community estate and any misuse of community property. *Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A disproportionate division must be supported by some reasonable basis. *Smith v. Smith*, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).

## B. Discussion

Donald contends that the trial court improperly considered or failed to consider several items in making its community property distribution, and he lists the items in his brief. He first argues that the trial court did not have Adrienne's 2008 and 2009 personal and corporate tax returns, Adrienne's amended 2007 personal and corporate tax returns, or any of Adrienne's bank records because Adrienne failed to produce them in discovery. In that regard, the record contains a motion to compel filed by Donald's counsel on May 11, 2009. According to the fiat on the last page of the motion to compel, the trial court scheduled a telephone hearing on the motion on May 29, 2009. However, the appellate record does not contain an order granting or denying the motion to compel, there is no reporter's record from the telephonic hearing, and Donald concedes in his

7

brief that the trial court did not rule on the motion to compel. Moreover, Donald did not alert the trial court on the record during the trial that there were any outstanding issues concerning Adrienne's production of documents in discovery. Thus, to the extent Donald contends that the trial court abused its discretion by failing to require Adrienne's production of documents in discovery, he has not shown that the trial court abused its discretion by failing to require the production of any additional documents. *See U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, No. 01-10-00016-CV, 2011 WL 3524209, at *13 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem. op.) (holding party failed to preserve for appellate review complaints concerning other party's discovery conduct by failing to obtain rulings on discovery issues).

To the extent Donald contends the trial court's division of community property was an abuse of discretion because the trial court did not have Adrienne's amended 2007 tax return, 2008 or 2009 tax returns, or bank records at trial, Donald has not shown that the trial court needed that information in order to properly exercise its discretion. We first note that Donald's trial counsel cross-examined Adrienne concerning her original 2007 tax return, her 2004 through 2006 tax returns, the approximate $35,000 to $40,000 balance in her IRA, and her monthly IRA deposits. In addition, Donald did not complain at trial that he did not have access to Adrienne's amended 2007 tax return or her 2008 and 2009 tax returns. Moreover, the trial court questioned Donald's counsel about the relevance of Adrienne's income from prior years, stated that it did not intend to

award alimony, and said that it intended to split the community estate "50/50" before accounting for Donald's expenditure of community funds. The court further stated that both parties had "very, very good professional degrees" and that they both needed to and can make more money. Thus, the trial court considered both Donald's and Adrienne's income when dividing the community estate and observed that neither party was earning what they had the capacity to earn, and Donald has not shown that the trial court also needed Adrienne's amended 2007 tax return, her 2008 and 2009 tax returns, or her bank records to appropriately exercise its discretion when dividing the community estate. *See generally Ayala v. Ayala*, No. 01-09-00785-CV, 2011 WL 2930311, at *8–9 (Tex. App.—Houston [1st Dist.] July 21, 2011, no pet.) (mem. op.) (holding trial court had sufficient information to divide marital estate despite lack of evidence concerning market value of family home). We overrule this part of Donald's third issue.

Donald also argues that the trial court accepted the testimony by Wilson (Adrienne's mother) that she had loaned Adrienne approximately $23,000 to meet her living expenses both before and after Donald filed for divorce but that Wilson did not have any supporting documentation to confirm her testimony. He further argues that Wilson only "provided an uncorroborated list of alleged loans" to Adrienne.

The list of loans to Adrienne by Wilson was offered and admitted as an exhibit. We first note that Donald's counsel cross-examined Wilson concerning

9

many of the amounts on the list of loans, pointing out that as many as seventeen of the entries on the list were dated before Donald filed for divorce. Donald's counsel also questioned Wilson about the lack of documentation to prove that the amounts allegedly loaned were not gifts. Furthermore, Wilson testified on redirect examination that she had her bank statements in her car and could bring them into court if needed, but Donald did not request that Wilson retrieve the bank statements from her car. In addition, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony and was in the best position to consider the veracity of Wilson's testimony concerning the loans to Adrienne. *See Pool*, 715 S.W.2d at 635; *Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 872 (Tex. App.—Fort Worth 2011, no pet.). Moreover, it does not appear that Wilson's testimony was material to the trial court's division of community property because the trial court commented on the record that both parties were not earning as much as they could and that it was not basing its division of the community estate on any disparity in earnings. Thus, we overrule this portion of Donald's third issue.

Donald next contends that the trial court abused its discretion by finding that he owed $61,000 in unpaid temporary child and spousal support because the trial court failed to credit him with a portion of the proceeds from the court-ordered sale of the parties' Jaguar vehicle. Donald contends that more than $10,000 was available for distribution and that the trial court should have credited him some of that amount when determining his liability for unpaid temporary

10

support. However, the associate judge's May 15, 2008 order requiring Adrienne to sell the Jaguar did not contemplate that any proceeds from the sale would be given to Donald. Rather, the order provided that the Jaguar sale proceeds would be used to pay the balance of the car note, pay Adrienne's attorney $5,000, and pay Donald's attorney $2,500. The order also said that "any remaining monies shall be tendered to wife for additional support until final trial." Therefore, Donald has not shown that the trial court abused its discretion by failing to credit him any proceeds from the sale of the Jaguar against his unpaid $61,000 balance for child and spousal support. We overrule this part of Donald's third issue.

Donald also complains that the trial court did not allow him to develop additional evidence at trial concerning his allegation of adultery. In that regard, Donald's counsel asked Adrienne to identify a document that had been marked as an exhibit but not admitted into evidence. The trial court sustained Adrienne's relevance objection to the question, and Donald's counsel moved on to a different line of questioning. The exhibit itself was not offered into evidence and is not part of the appellate record.[3] Moreover, Donald did not make an offer of proof or otherwise attempt to ensure that the exhibit or the testimony his counsel intended to elicit from Adrienne became part of the appellate record as permitted by the rules of evidence and rules of appellate procedure. *See* Tex. R. Evid.

---

[3]From the context of the attorneys' objections and responses, the exhibit is apparently a phone record listing "hundreds of telephone calls" to a certain telephone number.

103; Tex. R. App. P. 33.2.  In addition, we note that Donald had previously testified that he filed for divorce because he discovered various e-mails between Adrienne and her alleged paramour and that the trial court admitted those e-mails into evidence as exhibits, meaning the trial court had already admitted evidence concerning Adrienne's alleged affair.  Thus, Donald cannot show on appeal that the trial court abused its discretion by not permitting his attorney to question Adrienne about the excluded exhibit, and we overrule this part of his third issue.

Finally, Donald contends that the trial court's division of community property was not equitable and just because the trial court incorrectly determined that he wasted community assets.  In doing so, Donald details the circumstances under which he believes his financial difficulties arose, and he argues that the community assets were not wasted but were instead used mostly to pay temporary spousal support.  We first note, however, that most of the factual assertions in this portion of Donald's brief were not part of the testimony or other evidence offered at trial.  We are not permitted to consider any matters not contained within the appellate record.  *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (reasoning that appellate court is bound to determine the case on the record as filed and cannot look outside the record to discover relevant facts).  We also note that the trial court heard testimony and received exhibits suggesting that Donald expended approximately $127,000 in the eighteen months before he filed for

divorce, that he expended another $140,000 during the pendency of the proceedings, and that he had received principal and interest payments from Tuskegee Bank and other lump sum payments from his business interests during the pendency of the case. Donald denied wasting assets, testifying that much of the money he spent before filing for divorce was for the build-out of his new office building and that his expenses during the pendency of the case, including child and spousal support, exceeded his monthly income by approximately $7,500. As noted above, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *See Pool*, 715 S.W.2d at 635; *Allegiance Hillview, L.P.*, 347 S.W.3d at 872. From the evidence presented at trial, the trial court could have chosen not to believe Donald's testimony and could have determined that he expended a disproportionate amount of community assets just before and after he filed for divorce. We hold that the trial court did not abuse its discretion in its division of community assets, and we overrule the remainder of Donald's third issue.

## VI. Conclusion

Having overruled each of Donald's three issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: March 15, 2012

13