02-10-476-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-10-00476-CV

 

 


 
 
 DONALD p. prentiss, jr. 
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 adrienne l. prentiss
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 360TH
District Court OF tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Pro
se appellant Donald P. Prentiss, Jr. appeals the trial court’s final divorce
decree.  In three issues, Donald contends that the trial court abused its
discretion by awarding temporary spousal support to Appellee Adrienne L. Prentiss,
by increasing the amount of temporary spousal support from $1,000 to $3,500,
and by unequally dividing the parties’ community property without having
sufficient information to do so.  We affirm.

II. 
Background

          Donald
and Adrienne are both physicians.  They were married in 1992 and have three
children together.

          Donald
filed an original petition for divorce on May 30, 2007.  Although the appellate
record does not contain a copy of the order awarding temporary spousal support
to Adrienne, the record does contain a May 15, 2008 handwritten associate
judge’s order that reduced Donald’s monthly obligation to pay temporary spousal
support from $3,500 to $1,000.  The subsequent temporary order is also not in
the appellate record, but the associate judge apparently increased the
temporary spousal support back to $3,500 per month beginning June 1, 2009.  The
trial court also signed further temporary orders in February 2010 that, among
other things, continued the $3,500 in monthly temporary spousal support through
trial.

          The
case was tried to the court in May 2010, and the trial court heard testimony
from Donald, Adrienne, and Velma Wilson.[2]  Donald testified that he
filed for divorce and alleged adultery after he discovered a series of e-mails
between Adrienne and a male friend.  Wilson testified that Donald was
physically abusive toward Adrienne and that he did not provide Adrienne and
their children with sufficient financial support during their marriage, causing
her to loan Adrienne money to cover household expenses.  In addition, the trial
court heard testimony and received exhibits establishing that Donald expended
approximately $120,000 of community funds in the eighteen months before he
filed for divorce, that Donald and Adrienne were living in separate bedrooms of
the family home during that time, and that Donald expended another
approximately $140,000 during the pendency of the divorce proceedings.  Donald
testified that the $120,000 expended before he filed for divorce was to
complete the build-out of his new medical office, that many of his post-filing
expenses were for child support and temporary spousal support, and that his
monthly expenses (including child and spousal support) exceeded his income by
approximately $7,500.

          The
trial court signed a final decree of divorce on November 29, 2010.  That
judgment divided the parties’ marital estate and included a money judgment
against Donald for $83,663 to equalize the property division and for $61,000 in
unpaid child and spousal support.  This appeal followed.

III. 
Standard of Review

          In
family law cases, the traditional sufficiency standards of review overlap with
the abuse of discretion standard of review; therefore, legal and factual
insufficiency are not independent grounds of error but are relevant factors in
our assessment of whether the trial court abused its discretion.  Watson v.
Watson, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.).  To
determine whether there has been an abuse of discretion because the evidence is
legally or factually insufficient to support the trial court’s decision, we
must determine whether the trial court had sufficient evidence upon which to
exercise its discretion and whether the trial court erred in its application of
that discretion.  Id. at 522–23.  The legal and factual sufficiency
standards of review are well established.  See Cent. Ready Mix Concrete Co.
v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005); Uniroyal Goodrich Tire Co. v. Martinez,
977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999); Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh’g); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

          In
a non-jury trial, when no findings of fact or conclusions of law are filed or
requested, we must presume that the trial court made all the necessary findings
to support its judgment.  Pharo v. Chambers Cnty., 922 S.W.2d 945, 948
(Tex. 1996); Byrnes v. Byrnes, 19 S.W.3d 556, 561 (Tex. App.—Fort Worth
2000, no pet.).  Consequently, if the trial court’s implied findings are
supported by the evidence, we must uphold its judgment on any theory of law
applicable to the case.  See Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990).

IV. 
Temporary Spousal Support

          In
his first and second issues, Donald contends that the trial court erred by
ordering him to pay temporary spousal support to Adrienne and by later
increasing the amount of temporary spousal support from $1,000 to $3,500.

          A
trial court has discretion in entering temporary orders for spousal support while
a divorce proceeding is pending, and we review the temporary order for support
for an abuse of discretion.  Barnett v. Barnett, No. 02-04-00259-CV,
2005 WL 3244278, at *2 (Tex. App.—Fort Worth Dec. 1, 2005, no pet.) (mem. op.) (citing
Zorilla v. Wahid, 83 S.W.3d 247, 255 (Tex. App.—Corpus Christi 2002, no
pet.), disapproved on other grounds by Iliff v. Iliff, 339 S.W.3d 74, 83
n.8 (Tex. 2011)).  However, “a record sufficient to determine whether an abuse
of discretion has occurred must be provided to the appellate court.”  Id.
(citing Garduno v. Garduno, 760 S.W.2d 735, 742 (Tex. App.—Corpus
Christi 1988, no writ)).

          The
record in this case does not include a reporter’s record from, or any exhibits
or affidavits offered during, the 2007 and 2008 hearings that resulted in the
orders requiring Donald’s payment of temporary spousal support to Adrienne. 
For this reason, we are not able to review the information that formed the
basis for the trial court’s decisions to award Adrienne temporary spousal
support or to later increase the monthly amount.  Throughout his brief, Donald
cites to testimony from the final trial, but the evidence from the 2010 trial
is not beneficial to our review because we are still unable to determine what
formed the basis of the trial court’s decisions to award temporary spousal
support in 2007 and 2008.  See id. (stating testimony from trial did not
support interlocutory decision to award and later increase temporary spousal
support).  Thus, Donald cannot show that the trial court abused its discretion
by awarding Adrienne temporary spousal support or by later changing the amount
of the monthly temporary spousal support obligation, and we therefore overrule
his first and second issues.  See id. (holding appellant could not show
abuse of discretion because appellate record did not contain hearing transcript
or exhibits from temporary spousal support hearings).

V. 
Division of Marital Property

          In
his third issue, Donald contends that the trial court’s division of community
property was not equitable and just because the trial court did not have
sufficient information available to exercise its discretion.

A. 
Applicable Law

          A
trial judge is charged with dividing the community estate in a “just and right”
manner, considering the rights of both parties.  Tex. Fam. Code Ann. § 7.001
(West 2006); Watson, 286 S.W.3d at 522.  The court has broad discretion
in making a just and right division, and absent a clear abuse of discretion, we
will not disturb that division.  Jacobs v. Jacobs, 687 S.W.2d 731, 733
(Tex. 1985); Boyd v. Boyd, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth
2004, no pet.).

          Community
property does not have to be divided equally, but the division must be
equitable.  Kimsey v. Kimsey, 965 S.W.2d 690, 704 (Tex. App.—El Paso
1998, pet. denied).  The trial court may consider the following non-exclusive
factors, among others, in determining whether the division of the community
estate is equitable: (1) the spouse’s capacities and abilities; (2) education;
(3) the relative financial conditions and obligations of the parties; (4) size
of the separate estates; (5) the nature of the property; (6) disparities in
earning capacities and income; (7) fault of the breakup of the marriage; and
(8) any wasting of the community assets by one of the spouses.  Murff v.
Murff, 615 S.W.2d 696, 699 (Tex. 1981).  In determining whether to
disproportionately divide the community estate, the trial court may consider a
spouse’s dissipation of the community estate and any misuse of community
property.  Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex. App.—Houston
[1st Dist.] 1993, writ denied).  A disproportionate division must be supported
by some reasonable basis.  Smith v. Smith, 143 S.W.3d 206, 214 (Tex.
App.—Waco 2004, no pet.).

B. 
Discussion

          Donald
contends that the trial court improperly considered or failed to consider
several items in making its community property distribution, and he lists the
items in his brief.  He first argues that the trial court did not have Adrienne’s
2008 and 2009 personal and corporate tax returns, Adrienne’s amended 2007
personal and corporate tax returns, or any of Adrienne’s bank records because
Adrienne failed to produce them in discovery.  In that regard, the record
contains a motion to compel filed by Donald’s counsel on May 11, 2009. 
According to the fiat on the last page of the motion to compel, the trial court
scheduled a telephone hearing on the motion on May 29, 2009.  However, the
appellate record does not contain an order granting or denying the motion to
compel, there is no reporter’s record from the telephonic hearing, and Donald
concedes in his brief that the trial court did not rule on the motion to compel. 
Moreover, Donald did not alert the trial court on the record during the trial
that there were any outstanding issues concerning Adrienne’s production of
documents in discovery.  Thus, to the extent Donald contends that the trial
court abused its discretion by failing to require Adrienne’s production of
documents in discovery, he has not shown that the trial court abused its
discretion by failing to require the production of any additional documents.  See
U. Lawrence Boze’ & Assocs., P.C. v. Harris Cnty. Appraisal Dist., No.
01-10-00016-CV, 2011 WL 3524209, at *13 (Tex. App.—Houston [1st Dist.] Aug. 11,
2011, no pet.) (mem. op.) (holding party failed to preserve for appellate
review complaints concerning other party’s discovery conduct by failing to
obtain rulings on discovery issues).

          To
the extent Donald contends the trial court’s division of community property was
an abuse of discretion because the trial court did not have Adrienne’s amended
2007 tax return, 2008 or 2009 tax returns, or bank records at trial, Donald has
not shown that the trial court needed that information in order to properly
exercise its discretion.  We first note that Donald’s trial counsel
cross-examined Adrienne concerning her original 2007 tax return, her 2004
through 2006 tax returns, the approximate $35,000 to $40,000 balance in her IRA,
and her monthly IRA deposits.  In addition, Donald did not complain at trial
that he did not have access to Adrienne’s amended 2007 tax return or her 2008
and 2009 tax returns.  Moreover, the trial court questioned Donald’s counsel
about the relevance of Adrienne’s income from prior years, stated that it did
not intend to award alimony, and said that it intended to split the community
estate “50/50” before accounting for Donald’s expenditure of community funds. 
The court further stated that both parties had “very, very good professional
degrees” and that they both needed to and can make more money.  Thus, the trial
court considered both Donald’s and Adrienne’s income when dividing the
community estate and observed that neither party was earning what they had the
capacity to earn, and Donald has not shown that the trial court also needed
Adrienne’s amended 2007 tax return, her 2008 and 2009 tax returns, or her bank
records to appropriately exercise its discretion when dividing the community
estate.  See generally Ayala v. Ayala, No. 01-09-00785-CV, 2011 WL
2930311, at *8–9 (Tex. App.—Houston [1st Dist.] July 21, 2011, no pet.) (mem.
op.) (holding trial court had sufficient information to divide marital estate
despite lack of evidence concerning market value of family home).  We overrule
this part of Donald’s third issue.

          Donald
also argues that the trial court accepted the testimony by Wilson (Adrienne’s
mother) that she had loaned Adrienne approximately $23,000 to meet her living
expenses both before and after Donald filed for divorce but that Wilson did not
have any supporting documentation to confirm her testimony.  He further argues
that Wilson only “provided an uncorroborated list of alleged loans” to
Adrienne.

          The
list of loans to Adrienne by Wilson was offered and admitted as an exhibit.  We
first note that Donald’s counsel cross-examined Wilson concerning many of the
amounts on the list of loans, pointing out that as many as seventeen of the
entries on the list were dated before Donald filed for divorce.  Donald’s counsel
also questioned Wilson about the lack of documentation to prove that the
amounts allegedly loaned were not gifts.  Furthermore, Wilson testified on
redirect examination that she had her bank statements in her car and could
bring them into court if needed, but Donald did not request that Wilson
retrieve the bank statements from her car.  In addition, the trial court is the
sole judge of the credibility of the witnesses and the weight to be given to
their testimony and was in the best position to consider the veracity of
Wilson’s testimony concerning the loans to Adrienne.  See Pool, 715
S.W.2d at 635; Allegiance Hillview, L.P. v. Range Tex. Prod., LLC, 347
S.W.3d 855, 872 (Tex. App.—Fort Worth 2011, no pet.).  Moreover, it does not
appear that Wilson’s testimony was material to the trial court’s division of
community property because the trial court commented on the record that both
parties were not earning as much as they could and that it was not basing its
division of the community estate on any disparity in earnings.  Thus, we
overrule this portion of Donald’s third issue.

          Donald
next contends that the trial court abused its discretion by finding that he
owed $61,000 in unpaid temporary child and spousal support because the trial
court failed to credit him with a portion of the proceeds from the
court-ordered sale of the parties’ Jaguar vehicle.  Donald contends that more
than $10,000 was available for distribution and that the trial court should
have credited him some of that amount when determining his liability for unpaid
temporary support.  However, the associate judge’s May 15, 2008 order requiring
Adrienne to sell the Jaguar did not contemplate that any proceeds from the sale
would be given to Donald.  Rather, the order provided that the Jaguar sale
proceeds would be used to pay the balance of the car note, pay Adrienne’s
attorney $5,000, and pay Donald’s attorney $2,500.  The order also said that
“any remaining monies shall be tendered to wife for additional support until
final trial.”  Therefore, Donald has not shown that the trial court abused its
discretion by failing to credit him any proceeds from the sale of the Jaguar
against his unpaid $61,000 balance for child and spousal support.  We overrule
this part of Donald’s third issue.

          Donald
also complains that the trial court did not allow him to develop additional
evidence at trial concerning his allegation of adultery.  In that regard,
Donald’s counsel asked Adrienne to identify a document that had been marked as
an exhibit but not admitted into evidence.  The trial court sustained
Adrienne’s relevance objection to the question, and Donald’s counsel moved on
to a different line of questioning.  The exhibit itself was not offered into
evidence and is not part of the appellate record.[3] 
Moreover, Donald did not make an offer of proof or otherwise attempt to ensure
that the exhibit or the testimony his counsel intended to elicit from Adrienne
became part of the appellate record as permitted by the rules of evidence and
rules of appellate procedure.  See Tex. R. Evid. 103; Tex. R. App. P.
33.2.  In addition, we note that Donald had previously testified that he filed
for divorce because he discovered various e-mails between Adrienne and her
alleged paramour and that the trial court admitted those e-mails into evidence
as exhibits, meaning the trial court had already admitted evidence concerning
Adrienne’s alleged affair.  Thus, Donald cannot show on appeal that the trial
court abused its discretion by not permitting his attorney to question Adrienne
about the excluded exhibit, and we overrule this part of his third issue.

          Finally,
Donald contends that the trial court’s division of community property was not
equitable and just because the trial court incorrectly determined that he
wasted community assets.  In doing so, Donald details the circumstances under
which he believes his financial difficulties arose, and he argues that the
community assets were not wasted but were instead used mostly to pay temporary
spousal support.  We first note, however, that most of the factual assertions
in this portion of Donald’s brief were not part of the testimony or other
evidence offered at trial.  We are not permitted to consider any matters not
contained within the appellate record.  See Quorum Int’l v. Tarrant Appraisal
Dist., 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied)
(reasoning that appellate court is bound to determine the case on the record as
filed and cannot look outside the record to discover relevant facts).  We also
note that the trial court heard testimony and received exhibits suggesting that
Donald expended approximately $127,000 in the eighteen months before he filed
for divorce, that he expended another $140,000 during the pendency of the
proceedings, and that he had received principal and interest payments from
Tuskegee Bank and other lump sum payments from his business interests during
the pendency of the case.  Donald denied wasting assets, testifying that much
of the money he spent before filing for divorce was for the build-out of his
new office building and that his expenses during the pendency of the case,
including child and spousal support, exceeded his monthly income by
approximately $7,500.  As noted above, the trial court is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony.  See
Pool, 715 S.W.2d at 635; Allegiance Hillview, L.P., 347 S.W.3d at
872.  From the evidence presented at trial, the trial court could have chosen
not to believe Donald’s testimony and could have determined that he expended a
disproportionate amount of community assets just before and after he filed for
divorce.  We hold that the trial court did not abuse its discretion in its
division of community assets, and we overrule the remainder of Donald’s third
issue.

VI. 
Conclusion

          Having
overruled each of Donald’s three issues, we affirm the trial court’s judgment.

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER,
and WALKER, JJ.

 

DELIVERED:   March 15, 2012









[1]See Tex. R. App. P. 47.4.





[2]Wilson is Adrienne’s
mother.





[3]From the context of the
attorneys’ objections and responses, the exhibit is apparently a phone record
listing “hundreds of telephone calls” to a certain telephone number.