**Billie Joe SHELTON, Appellant,**

v.

**STANDARD FIRE INSURANCE COMPANY, Appellee.**

**No. 2–90–058–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 25, 1991.

Rehearing Overruled Oct. 23, 1991.

Menaker & Huffman, Mark Huffman, Dallas, for appellant.

Shannon, Gracey, Ratliff & Miller, John H. Cayce, Jr., Fort Worth, for appellee.

Before JOE SPURLOCK II, FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

In this worker's compensation case, appellant, Billie Joe Shelton, appeals from a take-nothing judgment in favor of the carrier, Standard Fire Insurance Company. Judgment was rendered upon the "No" answer to Question No. 1: "Did Billie Joe Shelton receive an injury on or about June 14, 1984, in the course of his employment with Bell Helicopter Textron, Inc.?" Two points of error are presented, which must be resolved against appellant in the absence of a statement of facts of the trial upon the merits, and of the proceedings at a pretrial hearing on appellee's motion to withdraw deemed admissions and motion to enlarge time for serving answers to plaintiff's interrogatories.

In his first point of error, appellant argues the trial court abused its discretion in granting defendant's Motion to Withdraw Deemed Admissions and Motion to Enlarge Time for Serving Answers to Plaintiff's Interrogatories. He argues the granting of the motion was unreasonable because Standard Fire failed to submit any proof that it met any of the three elements required for relief under rule 169 of the Texas Rules of Civil Procedure. Appellant states that appellee offered no testimony or proof in support of that motion at the pretrial hearing. This claim is belied by the court's order before us containing the recital "[a]ll parties were represented by counsel and after hearing *the evidence* and arguments of counsel, the Court finds that Defendant has shown good cause for withdrawing the responses; that no party to this cause will be unduly prejudiced by Defendant withdrawing and amending its answers; and that the presentation of the merits of this action will be subserved by allowing Defendant to withdraw and amend these responses." [Emphasis added.]

■ The trial court has broad discretion in permitting the withdrawal of or amendment to admissions, and its ruling will be set aside only on a showing of clear abuse thereof. *Rosenthal v. National Terrazzo Tile & Marble*, 742 S.W.2d 55, 57

(Tex.App.—Houston [14th Dist.] 1987, no writ). It is appellant's burden to supply a sufficient record on appeal to show error which would require reversal. Tex. R.App.P. 50(d). We have no statement of facts from any hearing held on appellant's motion to reform, nor did appellant perfect a formal bill of exception per Tex.R.App.P. 52(c), setting out his version of the events that transpired at the pretrial hearing after which the trial court granted appellee's motion to withdraw deemed admissions. Further, although the Appendix to appellant's brief includes an affidavit from the official court reporter of the trial court, we may not consider this affidavit. *See Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979) (per curiam) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purposes other than determining its own jurisdiction"). There is no record before this court of the pretrial hearing; thus, it would be impossible to find that the trial court abused its discretion in permitting withdrawal of admissions. *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 946 (1958) (in the absence of a statement of facts we must presume that the other evidence heard supports the finding or conclusion).

■ Secondly, appellant argues appellee's Motion to Withdraw Deemed Admissions was not sworn to, nor did it contain any exhibits or affidavits in support of its allegations. This argument is unsupported by any authority stating that rule 169 of the Texas Rules of Civil Procedure requires that the motion be sworn to or contain affidavits in support of the allegations. The rule does not require that the motion be sworn to; and in the absence of a statement of facts this court must presume there was sufficient evidence introduced at the pretrial hearing to uphold the trial court's order. *See Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683, 685 (1951).

Appellant's first point of error is overruled.

■ In his second point of error appellant argues that trial court erred in render-

ing judgment because it was contrary to the deemed admissions which were stricken by the trial court. Again, in the absence of proof of error by the trial court we must presume the evidence was sufficient to support the judgment. *Id.* 243 S.W.2d at 685. Generally, where no statement of facts is present in the record before the court of appeals, the court may conclude that every fact necessary to support judgment, within limits of the pleadings, was proved at trial. *Texas Emp. Comm'n v. Bell Helicopter Int'l,* 627 S.W.2d 524, 526 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

Appellant's second point of error is overruled.

Judgment is affirmed.