Affirmed and Memorandum Opinion filed September 9, 2003









Affirmed
and Memorandum Opinion filed September 9, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00255-CV

____________

 

DOMINGO C. ROSAS, Appellant

 

V.

 

MICHELE ROSAS, Appellee

 



 

On Appeal from the County Court at Law

Waller County, Texas

Trial Court Cause No. 00-11-15,585

 



 

M
E M O R A N D U M   O P I N I O N

In
this divorce proceeding, appellant Domingo Rosas appeals from an unfavorable
summary judgment that he claims was based on deemed admissions that should have
been set aside.  Because
Domingo failed to bring forward a record of the hearing on his motion to
withdraw and amend the deemed admissions, we affirm.








Appellee Michele Rosas filed for a petition
for divorce from Domingo on November 2, 2000. 
On May 5, after Domingo apparently failed to appear for his deposition,
Michele=s
counsel sent him requests for admissions. 
Although Domingo received the requests, he never answered them.  Later, Michele filed a motion for summary
judgment based on the unanswered requests for admissions.  On September 13, 2001, the trial court signed
an order granting the motion.  On October
8, 2001, Domingo filed a response to Michele=s motion for summary judgment and a
motion to amend or withdraw his deemed admissions.  The following day, the trial court denied
this motion and entered a Final Decree of Divorce.  The decree recited that Michele and Domingo
appeared in person and through their attorneys, and that a record of testimony
was made by the trial court=s official court reporter.  

On
appeal, Domingo claims the trial court abused its discretion in
denying his motion to amend or withdraw the deemed admissions that were the
basis for the summary judgment granting Michele=s petition for divorce.  Our record reflects that
the trial court denied Domingo=s
motion to withdraw the deemed admissions on October 9, 2001, and suggests that
the trial court heard evidence at that time, and that a court reporter made a
record of the testimony.  Our appellate
record, however, contains no reporter=s
record from the hearing on Domingo=s
motion to withdraw or amend the deemed admissions.  Therefore, we must presume that the evidence
at the hearing supported the trial court=s
denial of that motion.  See Cowling v. Colligan, 312 S.W.2d 943, 946 (Tex. 1958); Shelton
v. Standard Fire Ins. Co., 816 S.W.2d 552, 553 (Tex. App.CFort Worth 1991, no writ).  Consequently, without a reporter=s record of the testimony
at that hearing, Domingo cannot show that the trial court abused its
discretion.  See Nat=l. Union Fire Ins. Co. of Pittsburgh,
Pa. v. Wyar, 821 S.W.2d 291, 296 (Tex. App.CHouston [1st Dist.] 1991, no writ)
(holding appellant could not show abuse of discretion in denying motion to
withdraw or amend deemed admissions because there was no record of the hearing
on that motion).   

Thus,
on this record, we cannot sustain Domingo=s challenge to the
trial court=s refusal to allow withdrawal or amendment of
the deemed admissions upon which the trial court based its summary judgment
granting Michele=s petition for no-fault divorce.             We
affirm the trial court=s
judgment.                                                                                                                                                    

/s/        Wanda
McKee Fowler

Justice

Judgment rendered and Memorandum
Opinion filed September 9, 2003.

Panel consists of Justices Anderson,
Fowler, and Frost.