

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-465-CV

REZA VAFAIYAN                                                    APPELLANT

V.

WICHITA COUNTY                                                    APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Reza Vafaiyan, pro se, appeals the trial court's judgment in favor of Appellee Wichita County for recovery of delinquent property taxes and for foreclosure of tax liens against real property. In two issues, Vafaiyan argues that the trial court committed reversible error by failing to notify him of the final hearing in the case and that Wichita County conspired with the State of Texas

------------

[1] *See* Tex. R. App. P. 47.4.

to discriminate against and deprive him of his interest in the real property the subject of the suit. We will affirm.

Wichita County and other taxing districts sued Pertex Interprises, Inc., two other individuals, and any unknown owners for the recovery of delinquent taxes, penalties, and interest due on four pieces of real property located in Wichita County. It sought personal liability against the owners and foreclosure of the tax liens on each property to satisfy the amounts secured by the liens.

Vafaiyan, who is the sole shareholder and president of Pertex according to a filing in the case, filed a general denial on behalf of Pertex.[2] Trial was to the bench; Vafaiyan was not present at the trial.

The trial court ultimately signed a corrected judgment awarding Wichita County $5,189.22, assessing personal liability against the defendants, and foreclosing the tax liens on four pieces of property.

Vafaiyan filed a "Motion to Set Aside The Default Judgment," contending that the suit should be dismissed because delinquent taxes owed on two properties had been paid in full. The trial court denied the motion, and Vafaiyan filed a request for findings of fact and conclusions of law. The trial court signed findings and conclusions, including findings that the four properties

---

[2] Vafaiyan is an inmate incarcerated in the Clements Unit of the Institutional Division of the Texas Department of Criminal Justice.

included in the judgment did not include the two properties that Vafaiyan had claimed were paid in full.  This appeal followed.

In his first issue, Vafaiyan argues that the trial court erred by failing to notify him of the August 14, 2008 trial.  He contends that notice was provided to an attorney and guardian ad litem who represented the defendants cited by publication, but that he never hired that attorney to represent him or Pertex.  Vafaiyan also seems to argue that the trial court erred by not issuing a bench warrant.

Vafaiyan acknowledged in his motion to set aside the judgment that he received notice of the August 14, 2008 trial.  And although he additionally stated in the motion that he had requested a bench warrant, the record contains no such request.  Accordingly, we overrule Vafaiyan's first issue. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (reasoning that appellate court is bound to determine the case on the record as filed and cannot look outside the record to discover relevant facts); *Shelton v. Standard Fire Ins. Co.*, 816 S.W.2d 552, 553 (Tex. App.—Fort Worth 1991, no writ) (noting that appellant has the burden to bring up record on appeal showing error that would require reversal).

In his second issue, Vafaiyan argues that Wichita County conspired with the State to discriminate against him, thereby depriving him of his property interest in the properties the subject of the suit.  In support of this argument,

3

he contends that it takes several years for a property owner to be delinquent on his or her taxes before a taxing district will seek to foreclose on a tax lien. Vafaiyan also seems to argue that Wichita County's suit to recover delinquent taxes was time barred.

There is nothing in the record that supports Vafaiyan's argument that Wichita County conspired with the State to discriminate against him. Further, the tax code permitted Wichita County to file suit to collect the delinquent taxes "[a]t *any time* after its tax on [the] property bec[ame] delinquent." Tex. Tax Code Ann. § 33.41(a) (Vernon 2008) (emphasis added). The tax code also provides that a suit may not be filed to collect a tax on real property that has been delinquent for more than twenty years. *Id*. § 33.05(a)(2); *see City of Houston v. Seals*, No. 01-91-00995-CV, 1992 WL 211444, at *3 (Tex. App.—Houston [1st Dist.] Aug. 31, 1992, no writ) (observing that the limitations period for property tax suits is twenty years). Here, the judgment awards Wichita County delinquent tax amounts for the tax years 2004 through 2007. Wichita County filed its original petition in 2006. Because 2006 is within twenty years of 2004, the suit was not time barred. We overrule Vafaiyan's second issue and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, DAUPHINOT, and GARDNER, JJ.

DELIVERED: August 6, 2009

4