COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-465-CV

 

 

REZA
VAFAIYAN                                                                 APPELLANT

 

                                                   V.

 

WICHITA COUNTY                                                                 APPELLEE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Reza Vafaiyan, pro se, appeals the
trial court=s judgment in favor of Appellee
Wichita County for recovery of delinquent property taxes and for foreclosure of
tax liens against real property.  In two
issues, Vafaiyan argues that the trial court committed reversible error by
failing to notify him of the final hearing in the case and that Wichita County
conspired with the State of Texas to discriminate against and deprive him of
his interest in the real property the subject of the suit.  We will affirm.

Wichita County and other taxing districts sued
Pertex Interprises, Inc., two other individuals, and any unknown owners for the
recovery of delinquent taxes, penalties, and interest due on four pieces of
real property located in Wichita County. 
It sought personal liability against the owners and foreclosure of the
tax liens on each property to satisfy the amounts secured by the liens.

Vafaiyan, who is the sole shareholder and
president of Pertex according to a filing in the case, filed a general denial
on behalf of Pertex.[2]  Trial was to the bench; Vafaiyan was not
present at the trial.

The trial court ultimately signed a corrected
judgment awarding Wichita County $5,189.22, assessing personal liability
against the defendants, and foreclosing the tax liens on four pieces of
property.








Vafaiyan filed a AMotion
to Set Aside The Default Judgment,@
contending that the suit should be dismissed because delinquent taxes owed on
two properties had been paid in full. 
The trial court denied the motion, and Vafaiyan filed a request for
findings of fact and conclusions of law. 
The trial court signed findings and conclusions, including findings that
the four properties included in the judgment did not include the two properties
that Vafaiyan had claimed were paid in full. 
This appeal followed.

In his first issue, Vafaiyan argues that the
trial court erred by failing to notify him of the August 14, 2008 trial.  He contends that notice was provided to an
attorney and guardian ad litem who represented the defendants cited by
publication, but that he never hired that attorney to represent him or
Pertex.  Vafaiyan also seems to argue
that the trial court erred by not issuing a bench warrant.

Vafaiyan acknowledged in his motion to set aside
the judgment that he received notice of the August 14, 2008 trial.  And although he additionally stated in the
motion that he had requested a bench warrant, the record contains no such
request.  Accordingly, we overrule
Vafaiyan=s first
issue.  See Quorum Int=l v.
Tarrant Appraisal Dist., 114 S.W.3d 568, 572 (Tex. App.CFort
Worth 2003, pet. denied) (reasoning that appellate court is bound to determine
the case on the record as filed and cannot look outside the record to discover
relevant facts); Shelton v. Standard Fire Ins. Co., 816 S.W.2d 552, 553
(Tex. App.CFort Worth 1991, no writ)
(noting that appellant has the burden to bring up record on appeal showing
error that would require reversal).








In his second issue, Vafaiyan argues that Wichita
County conspired with the State to discriminate against him, thereby depriving
him of his property interest in the properties the subject of the suit.  In support of this argument, he contends that
it takes several years for a property owner to be delinquent on his or her
taxes before a taxing district will seek to foreclose on a tax lien.  Vafaiyan also seems to argue that Wichita
County=s suit
to recover delinquent taxes was time barred.

There is nothing in the record that supports
Vafaiyan=s
argument that Wichita County conspired with the State to discriminate against
him.  Further, the tax code permitted
Wichita County to file suit to collect the delinquent taxes A[a]t any
time after its tax on [the] property bec[ame] delinquent.@  Tex. Tax Code Ann. ' 33.41(a)
(Vernon 2008) (emphasis added).  The tax
code also provides that a suit may not be filed to collect a tax on real
property that has been delinquent for more than twenty years.  Id. ' 33.05(a)(2);
see City of Houston v. Seals, No. 01-91-00995-CV, 1992 WL 211444, at *3
(Tex. App.CHouston [1st Dist.] Aug. 31,
1992, no writ) (observing that the limitations period for property tax suits is
twenty years).  Here, the judgment awards
Wichita County delinquent tax amounts for the tax years 2004 through 2007.  Wichita County filed its original petition in
2006.  Because 2006 is within twenty
years of 2004, the suit was not time barred. 
We overrule Vafaiyan=s second
issue and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MEIER, DAUPHINOT, and GARDNER, JJ.

 

DELIVERED:  August 6, 2009











[1]See Tex. R. App. P. 47.4.





[2]Vafaiyan is an inmate
incarcerated in the Clements Unit of the Institutional Division of the Texas
Department of Criminal Justice.