

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00109-CV

---

SAM F.                                                                    APPELLANT

V.

MONA HAMAMIYAH                                                            APPELLEE

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 324-546069-13

----------

## MEMORANDUM OPINION[1]

----------

Sam F. appeals from a judgment entitled "Agreed Final Decree Of Divorce." He raises two issues on appeal. His first issue asserts that the evidence is legally and factually insufficient to support the decree, and his second issue alleges that the trial court abused its discretion by denying his motion for new trial. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. BACKGROUND

Appellee Mona Hamamiyah filed for divorce from Sam, and Sam answered and filed a counterclaim for divorce. In due course, the parties and their attorneys appeared for a final hearing before the associate judge and entered into a "Conservatorship Rule 11 for Final Decree" and a "Property Rule 11 for Final Decree." These agreements are in writing, are set forth in the "Associate Judge's Report for Final Orders," and are signed by the parties and their attorneys. Each page of the report contains the parties' initials and their attorneys' initials.

Pursuant to the terms of the "Associate Judge's Report for Final Orders," Mona's counsel drafted an "Agreed Final Decree of Divorce," which incorporated the parties' agreements. Mona signed the "Agreed Final Decree of Divorce," but Sam did not. Mona filed a motion with the trial court requesting that it sign the agreed decree that incorporated the parties' rule 11 conservatorship and property agreements. The trial court held a hearing on Mona's motion to sign, but no reporter's record was made.

Because no reporter's record of the hearing exists, we do not know what transpired at the hearing. According to Mona, Sam did not attempt at the hearing to revoke his consent to the agreed final decree of divorce. Mona claims that at the hearing, Sam urged the trial court to adopt Sam's interpretation of a term contained in the conservatorship rule 11 agreement and to alter the proposed

2

agreed decree accordingly.  The trial court did make some interlineations and handwritten notations on the decree, and those were initialed by the parties' attorneys.  The trial court then signed the agreed decree.

Sam filed a motion for new trial asserting that the agreed decree was "predicated upon a written settlement agreement which was ambiguous" and again urging the trial court to adopt Sam's interpretation of a particular provision of the parties' rule 11 conservatorship agreement instead of Mona's interpretation.  Sam's motion for new trial did not allege that he had revoked his consent to the agreed decree.  The trial court held a hearing on Sam's motion for new trial; the parties waived the making of a reporter's record.  The trial court denied Sam's motion for new trial.  Sam perfected this appeal.

### III. SAM'S FIRST ISSUE

In his first issue, Sam argues that the agreed divorce decree is not supported by legally or factually sufficient evidence.  It is Sam's burden, as appellant, to bring forward a record showing error that requires reversal.  *See, e.g.*, *Shelton v. Standard Fire Ins. Co.*, 816 S.W.2d 552, 553 (Tex. App.—Fort Worth 1991, no writ).  Because no reporter's record exists of the hearing held on Mona's motion requesting the trial court to sign the agreed decree, we must presume that any evidence presented to the trial court was sufficient to support the judgment.  *See, e.g.*, *Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex. 1991); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).  In

3

the absence of a reporter's record, we can consider and decide only those issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Without a reporter's record of the hearing, we cannot conclude that the evidence is legally or factually insufficient to support the agreed judgment. *See, e.g.*, *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.) ("Without a reporter's record we do not know what, if any, evidence was presented to the trial court.").

Nonetheless, liberally construing Sam's first issue, as we must, he also claims that the evidence is insufficient because he did not sign the agreed decree; he claims that the absence of his signature on the decree shows that he did not consent to it. It is well settled that a consent judgment cannot be rendered when one party does not consent at the time judgment actually is rendered although that party previously may have consented to the agreement. *See, e.g.*, *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006); *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951). A party may revoke his consent to settle a case any time before the judgment is rendered. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). A party's revocation of consent must, in some way, be made known to the trial court.[2] *Miller v. Miller,* 721 S.W.2d 842, 844 (Tex. 1986).

---

[2]The cases addressing revocation of consent typically involve on-the-record revocation of consent or specific knowledge by the trial court of a party's lack of consent. *See, e.g.*, *Chisholm*, 209 S.W.3d at 97–98 (involving rule 11 agreement that was dictated into the record and immediate on-the-record

The problem here is, in the absence of a reporter's record of the hearing,[3] we cannot tell whether Sam revoked his consent to the agreed decree or not. Mona claims he did not revoke his consent at the hearing. And no written revocation of consent by Sam is contained in the record before us. Sam's position—both in his motion for new trial and in his brief on appeal—is not that he revoked his consent to the rule 11 conservatorship agreement or to the rule 11 property division agreement but instead that the trial court should enforce the rule 11 conservatorship agreement and should adopt Sam's interpretation of one of the provisions of the parties' rule 11 conservatorship agreement instead of adopting Mona's interpretation of that provision.[4] In the absence of a reporter's

statement by wife, who had limited ability to understand English, that she did not understand what had been read into the record); *Quintero*, 654 S.W.2d at 443–44 (involving knowledge by the trial court that plaintiffs did not consent to the settlement because the plaintiffs wrote the judge a letter saying so); *Burnaman*, 240 S.W.2d at 291–92 (involving testimony by trial court judge that he knew plaintiff did not agree to consent judgment); *Cook v. Cook*, 243 S.W.3d 800, 802 (Tex. App.—Fort Worth 2007, no pet.) (involving written objection filed by husband to proposed agreed decree contending that "agreement[s] as to many of the [] issues [in the agreed judgment] were not negotiated with [him, and many] of the 'stipulations' on record took place without [his] participation"); *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi 1995, no writ) (involving written revocation of agreement filed by wife before agreed decree was signed).

[3]Sam does not complain on appeal of any failure by the court reporter to take down a record of this hearing.

[4]Nor does Sam assert that the terms of the agreed decree vary from the terms of the rule 11 conservatorship agreement. Sam maintains that one of the terms of the rule 11 conservatorship agreement was ambiguous—not that he did not agree to it—and urged the trial court to enforce that term of the rule 11

record, Sam's failure to sign the agreed decree prior to the trial court's signature of the decree does not, standing alone, establish that he revoked his consent; for all we know, the cautious trial court judge specifically asked Sam's counsel whether his client had revoked his consent to the rule 11 conservatorship agreement and received a negative answer. Or, for all we know, the parties decided to proceed with an agreed decree on their rule 11 agreements and to submit to the trial court the resolution of their misunderstanding concerning a single term of the rule 11 conservatorship agreement, and this issue was fully litigated in the trial court. *See, e.g.*, *Clanin v. Clanin*, 918 S.W.2d 673, 677 (Tex. App.—Fort Worth 1996, no writ) (explaining that trial court could enforce property division agreement to the extent of the property covered by the agreement and make a just and right division of the rest of the community estate). Sam failed to meet his burden of showing error in the record that entitles him to reversal. *Cf., e.g.*, *Chisholm*, 209 S.W.3d at 97–98 (record demonstrated wife's lack of consent to agreed decree); *Quintero*, 654 S.W.2d at 443–44 (record contained letter from party revoking consent); *Burnaman*, 240 S.W.2d at 291–92 (record contained testimony by trial court judge that he knew plaintiff did not agree to consent agreement in accordance with Sam's understanding of it. For example, Sam's brief asserts that

> [t]he ambiguity or misunderstanding sworn to by Appellant in his Motion for New Trial is sufficient to set aside (or not enforce) the Rule 11 agreement, and it is an abuse of the Court's discretion to fail to do so. Conversely, it is an abuse of discretion to not give the Rule 11 agreement the meaning understood by [Sam].

6

judgment); *Cook*, 243 S.W.3d at 802 (record contained husband's written objection that provisions of agreed decree were not negotiated with him); *Sohocki*, 897 S.W.2d at 424 (record contained wife's written revocation of agreement). Based on the record before us, Sam has failed to meet his burden of establishing that the evidence is legally and factually insufficient to support the judgment. We overrule Sam's first issue.

## IV. SAM'S SECOND ISSUE

In his second issue, Sam asserts that the trial court abused its discretion by denying his motion for new trial. As set forth above, Sam's motion for new trial does not claim that he had revoked his consent prior to the trial court's signing of the agreed decree; Sam's motion for new trial asserted that the agreed decree was "predicated upon a written settlement agreement which was ambiguous" and urged the trial court to adopt Sam's interpretation of a particular provision of the parties' rule 11 conservatorship agreement instead of Mona's interpretation. In the absence of a reporter's record of the hearing on Mona's motion seeking the trial court's signature on the agreed decree and of the motion for new trial hearing, we cannot find that the trial court abused its discretion by denying Sam's motion for new trial. *See, e.g.*, *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *In re Marriage of Spiegel*, 6 S.W.3d at 646. Based on the record before us, we hold that Sam has failed to meet his burden of establishing that the trial

court abused its discretion by denying his motion for new trial. We overrule Sam's second issue.

## V. Conclusion

Having addressed and overruled both of Sam's issues, we affirm the judgment of the trial court.

/s/ Sue Walker  
SUE WALKER  
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: November 20, 2014