

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-15-00033-CV

PRERNA CHADHA SHARMA                                   APPELLANT

V.

AMIT CHADHA                                            APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 14-05887-431

----------

## MEMORANDUM OPINION[1]

----------

Pro se appellant Prerna Chadha Sharma appeals the trial court's final decree of divorce. In six issues, Sharma contends that the trial court erred by denying "postponement of the hearing" that led to her divorce from appellee Amit Chadha, that the trial court did not have "territorial jurisdiction" over her and violated "principles of Natural Justice," that her marriage could be dissolved

[1]*See* Tex. R. App. P. 47.4.

"strictly in accordance with the . . . Hindu Marriage Act 1955 and not otherwise,"[2] that the evidence is insufficient to prove insupportability, that Indian courts are "seized of [this] matter," and that the trial court should have considered Chadha's alleged evasion of his responsibility to support her. We affirm.

**Background Facts**

In the trial court, Chadha filed a petition for an annulment or divorce of his marriage to Sharma. In the petition, Chadha alleged that he and Sharma were married in June 2012 and that they had stopped living together in March 2014. He sought divorce on the ground that the marriage had become insupportable because of discord or conflict of personalities that destroyed the legitimate ends of the marital relationship and prevented any reasonable expectation of reconciliation. He alleged that the parties did not share any children and that no community property had been accumulated in the marriage other than the parties' personal effects.

Sharma contested the divorce. In a document that she filed in August 2014, she contended, among many other allegations, that she was currently living in Marietta, Georgia; that she and Chadha were married in June 2012 in India under the Hindu Marriage Act; that she and Chadha later came to the United States on temporary visas; that Chadha physically abused her before

---

[2]Appellant contends, "In order to maintain the sanctity of a pious institution that is Hindu Marriage, it is imperative to set aside the final decree passed by the learned trial court."

2

"abscond[ing] to Texas"; and that she did not have any financial support. She asked the trial court to order Chadha to pay for her legal proceedings and expenses for travel and lodging.

The trial court held a hearing on Chadha's petition. Chadha appeared with counsel, but Sharma did not appear personally or through counsel. The trial court recognized that Sharma had filed an application to postpone the hearing but denied any postponement because, in part, the application did not comply with the requirements of a motion for continuance under the rules of civil procedure.[3] The court also stated that Sharma's August 2014 filing constituted an answer to Chadha's petition, that Sharma had therefore made a general appearance, and that the court had jurisdiction over her.[4]

---

[3] Rule of civil procedure 251 states that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. "[W]e have consistently held that a trial court does not abuse its discretion by denying an . . . unsworn motion for continuance." *Poonjani v. Kamaluddin*, No. 02-14-00193-CV, 2015 WL 3523102, at *2 (Tex. App.—Fort Worth June 4, 2015, no pet.) (mem. op.). The trial court stated that Sharma's postponement application—her motion for continuance— was not sworn.

[4] We note that in the August 2014 filing, Sharma requested affirmative relief in the form of financial support, and she also requested such support in a later filing. A defendant makes a general appearance and submits to the jurisdiction of the court by requesting affirmative relief inconsistent with an assertion that the trial court lacks personal jurisdiction. *Wakefield v. British Med. Journal Publ'g Grp.*, 449 S.W.3d 172, 180 (Tex. App.—Austin 2014, no pet.); *Exchequer Fin. Group, Inc. v. Stratum Dev., Inc.*, 239 S.W.3d 899, 905 (Tex. App.—Dallas 2007, no pet.); *see Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 455 (Tex. App.—El Paso 2005, no pet.).

During the hearing, Chadha's counsel represented that the parties had wed in India through an arranged marriage that was "more of a business transaction." Counsel stated that before the marriage, Sharma had misrepresented various facts about herself.

Chadha testified that he and Sharma were citizens of India and that they had entered into an arranged marriage after their families had exchanged resumés. He explained that he had eventually learned that information on Sharma's resumé—including that she had graduated from a university in India—was false and that Sharma had misrepresented her date of birth, which meant that her horoscope did not match Chadha's. Chadha testified, "[Y]ou match the horoscope, and if . . . your horoscope does not match, we don't generally tend to go for marriage."

According to Chadha, he and Sharma never lived in Texas together, and they last lived together in Georgia (where they resided for three months) in January 2014. He testified that his marriage became insupportable because of a conflict of personalities that destroyed the legitimate ends of the marriage relationship and that there was no reasonable expectation of reconciliation.[5]

---

[5]Thus, we cannot agree with Sharma's contention that Chadha failed to prove these grounds for a no-fault divorce. *See* Tex. Fam. Code Ann. § 6.001 (West 2006); *Misigaro v. Bassowou*, No. 02-10-00473-CV, 2012 WL 171110, at *2 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op.) ("Here, Bassowou specifically testified that (1) serious marital discord or conflict existed, (2) this conflict destroyed the legitimate ends of the marriage, and (3) there was no reasonable chance of reconciliation. Thus, there was ample evidence to support

After the hearing, the trial court signed a final decree of divorce on the ground of insupportability. The court awarded to Chadha, as his separate property, all personal items or funds in his possession or subject to his sole control, and the court awarded to Sharma, as her separate property, all personal items or funds in her possession or subject to her sole control.[6] Sharma filed a notice of appeal in which she contended that the marriage began in India and could not be dissolved in the United States, that she could not afford to hire an attorney, that Chadha had physically abused her and had taken valuable property from her, and that she would soon be evicted from her home in Georgia.

## The Resolution of Sharma's Issues

In the "Issues Presented" part of Sharma's brief, she raises six issues. These issues do not completely correspond with the subheadings or body within the argument portion of the brief, and no part of the brief contains any citation to United States legal authorities.[7] Also, Sharma's brief refers to many facts and

---

the trial court granting Bassowou's petition for divorce."); *In re Marriage of Beach*, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.) (holding similarly).

[6]At the end of the hearing on Chadha's petition, the trial court explained,

> I will grant the divorce based upon insupportability. Because there is no sworn inventory and appraisement from either party filed or otherwise admitted into evidence in this case, I will award the parties the clothing and items of personal property currently in their possession.

[7]The argument part of the brief appears to cite two legal proceedings from a court in India. The index of authorities also includes a cite to "Section 13 of Hindu Marriage Act 1955." Sharma does not cite authority establishing that

5

includes documents that are not in the appellate record, and the argument portion of the brief does not include any citations to the record. We cannot consider the documents that are outside of the record or Sharma's statements about them as grounds for reversing the trial court's judgment. *See Shelton v. Standard Fire Ins. Co.*, 816 S.W.2d 552, 553 (Tex. App.—Fort Worth 1991, no writ); *see also LeBlanc v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00004-CV, 2011 WL 856896, at *1 n.3 (Tex. App.—Fort Worth Mar. 10, 2011, no pet.) (mem. op.) ("[W]e will not consider the exhibits that are attached to LeBlanc's brief and that are not also included in the record."). Because Sharma's arguments are largely based on documents that are outside of the record and on factual allegations that were unsubstantiated in the trial court, contain no citations to documents within the record, and contain no citations to appropriate legal authorities, we overrule them as inadequately briefed.[8] *See* Tex. R. App. P. 38.1(i); *In re C.R.A.*, 453 S.W.3d 623, 633 (Tex. App.—Fort Worth 2014, no pet.)

---

application of the Hindu Marriage Act precluded Chadha's ability to obtain a divorce in Texas.

[8]We note that there "cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *see also Solano v. Cendant Mortg. Corp.*, No. 02-07-00326-CV, 2009 WL 2138820, at *1 (Tex. App.—Fort Worth July 16, 2009, no pet.) (mem. op.) (overruling all of an appellant's issues as inadequately briefed and stating that "pro se litigants are held to the same standards as licensed attorneys with respect to following the applicable rules of procedure").

("A brief must contain appropriate citations to authorities and to the record. Brief conclusory statements unsupported by argument or citation to legal authorities present nothing for review." (citation omitted)); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (referring to the "long-standing rule" that a point may be waived due to inadequate briefing); *Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied).

## Conclusion

Having overruled all of Sharma's issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DELIVERED:  October 1, 2015