

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00286-CV

———————————————

PHILIP T. PIXLER, Appellant

V.

CITY OF NEWARK, WILLIAM ANDREW MESSER, MACK REINWAND,
ASHLEY D. MCSWAIN, RENE CULP, PAMELA THOMPSON, TAYLOR
BURTON, AND JEANINE M. INMAN, Appellees

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV17-10-820-A

Before Sudderth, C.J.; Gabriel, and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In one issue, pro se Appellant Philip T. Pixler appeals the trial court's grant of the Appellees'[1] plea to the jurisdiction and dismissal of Pixler's counterclaims against them. We affirm.

**Background**

This case arises from a dispute between the City of Newark and Pixler. In October 2017, Newark sued Pixler to obtain injunctive relief to force him to remove "junked vehicles" from his property, to collect administrative penalty fees, and to recover civil penalties for violating city ordinances and for violating the Texas Uniform Fraudulent Transfers Act. In response, Pixler filed counterclaims against Newark and the Newark employees for constitutional violations, barratry and malpractice (in his words, "Shyster Shenanigans"), and intentional infliction of emotional distress.

The Appellees filed a motion to dismiss Pixler's counterclaims and a plea to the jurisdiction. They argued that the claims against the Newark Employees should be immediately dismissed because Pixler sued Newark in addition to the employees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). They further argued that the trial court lacked subject-matter jurisdiction due to governmental immunity. In February

---

[1]The Appellees are the City of Newark, William Andrew Messer, Mack Reinwand, Ashley D. McSwain, Rene Culp, Pamela Thompson, Taylor Burton, and Jeanine M. Inman. We will refer to them collectively as the Appellees; we will refer to the employees collectively as "the Newark Employees" where necessary.

2018, the trial court granted the motion to dismiss and plea to the jurisdiction and dismissed Pixler's counterclaims with prejudice. It later severed the counterclaims and rendered a final judgment dismissing Pixler's claims.

In August 2018, in response to Pixler's petition for mandamus relief, we held that the district court did not have subject-matter jurisdiction over Newark's claim to enforce administrative penalties, but that it did have subject-matter jurisdiction over the remaining three claims. *In re Pixler*, No. 02-18-00181-CV, 2018 WL 3580637, at *7 (Tex. App.—Fort Worth Aug. 23, 2018, orig. proceeding). Newark subsequently nonsuited without prejudice all of its claims against Pixler.

## Discussion

Pixler's brief is difficult to follow and relies upon evidence that is outside the record. We cannot consider matters that are outside the record and therefore disregard any such references. *See Shelton v. Standard Fire Ins. Co.*, 816 S.W.2d 552, 553–54 (Tex. App.—Fort Worth 1991, no writ). And although the brief is not in strict compliance with the rules for appellate briefing, we decline Appellees' invitation to dismiss the appeal for Pixler's failure to so comply. *See Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 54 (Tex. 1998) (directing that courts should liberally construe briefing rules).

Because the trial court properly held that it did not have subject-matter jurisdiction over Pixler's counterclaim against Newark and his claims against the Newark Employees, we affirm the trial court's judgment.

3

## I. Standard of review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *City of Westworth Vill. v. City of White Settlement*, 558 S.W.3d 232, 239 (Tex. App.—Fort Worth 2018, pet. denied). Whether a trial court has subject-matter jurisdiction, whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction, and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law that we review de novo. *Id.*; *see also Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause, construing the pleadings liberally in the plaintiff's favor and looking to the pleader's intent. *Westworth*, 558 S.W.3d at 239 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 239–40.

If, however, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, taking as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the

4

nonmovant's favor. *Id.* at 240. The burden is on the governmental unit as the movant to meet the standard of proof. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

## II.  Claims against the Newark Employees

The trial court properly dismissed Pixler's claims against the Newark Employees. "If a suit is filed . . . against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Pixler sued Newark, a "governmental unit." *Id.* § 101.001(3)(B). The fact that the Newark Employees were employees of Newark was not disputed. By suing Newark in addition to Newark's employees, the Newark Employees were entitled to immediate dismissal of Pixler's claims against them. *See id.* § 101.106(e). We therefore overrule this portion of Pixler's appeal.

## III.  Claims against Newark

Pixler seems to argue that he should be permitted to pursue his claims against Newark on the basis of our holding that the trial court did not have jurisdiction to consider the claim for the payment of administrative fees that was brought by Newark. Not only does this argument fail to make sense, but Pixler provides no

5

authority for his argument that the trial court had any jurisdiction over his own claims against Newark.

In fact, the trial court did not have subject-matter jurisdiction over Pixler's claims against Newark. The trial court could not consider Pixler's claim that Newark violated his rights to due course of law because there is no private right of action for constitutional torts involving the Texas constitution. *See City of Beaumont v. Boullion*, 896 S.W.2d 143, 147 (Tex. 1995) (recognizing that courts may not look to the state constitution to provide the elements of a cause of action). Newark was immune to Pixler's claim of intentional infliction of emotional distress because sovereign immunity is not waived for intentional torts under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057; *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). And finally, to the extent that Pixler claims that Newark (through its employees and agents) committed legal malpractice, such a claim is not included in the Tort Claims Act's limited governmental-immunity waiver for negligence cases. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (providing that a governmental unit in the state is liable for "property damage, personal injury, and death" proximately caused by an employee if the damage, injury, or death arises from the operation of a vehicle or motorized equipment). We therefore overrule the remainder of Pixler's arguments.

## Conclusion

Having overruled Pixler's arguments on appeal, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: August 26, 2019